## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN BODIN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br><br>SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, and BRENT WHITELEY,<br><br>    Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John Bodin ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding SAExploration Holdings, Inc. ("SAExploration" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded SAExploration securities from March 15, 2016 through August 15, 2019, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by

Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the Company's principal executive offices are located in this judicial district and alleged the misstatements and the subsequent damages took place in this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification incorporated by reference herein, purchased SAExploration securities during the Class Period and was economically damaged thereby.

7.      Defendant SAExploration provides seismic data acquisition, logistical support, and processing and integrated reservoir geosciences services in North America, South America, the Asia Pacific, and West Africa.  SAExploration is a Delaware corporation and its principal

executive offices are located at 1160 Dairy Ashford Road, Suite 160, Houston TX 77079. SAExploration securities trade on the NASDAQ under the ticker symbol "SAEX."

8.   Defendant Jeff Hastings ("Hastings") has been the Company's Chief Executive Officer ("CEO") since August 2016 and Chairman since 2011.

9.   Defendant Brian A. Beatty ("Beatty") was Company's CEO from June 2013 until August 2016. Beatty is currently the Company's Chief Operations Officer.

10.   Defendant Brent Whiteley ("Whiteley") has been the Company's Chief Financial Officer ("CFO") throughout the Class Period.

11.   Defendants Hastings, Beatty, and Whiteley are collectively referred to herein as the "Individual Defendants."

12.   Each of the Individual Defendants:

    a.   directly participated in the management of the Company;

    b.   was directly involved in the day-to-day operations of the Company at the highest levels;

    c.   was privy to confidential proprietary information concerning the Company and its business and operations;

    d.   was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    e.   was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    f.   was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.  approved or ratified these statements in violation of the federal securities laws.

13.     SAExploration is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

14.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to SAExploration under *respondeat superior* and agency principles.

15.     Defendant SAExploration and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
### Materially False and Misleading Statements Issued During the Class Period

16.     On March 15, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K"). The 2015 10-K was signed by Defendants Hasting, Beatty, and Whiteley. The 2015 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Beatty and Whiteley attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

17.     The 2015 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2015." The 2015 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

4

18.     The 2015 10-K stated the following regarding variable interest entities:

We evaluate our joint venture and other entities in which we have a variable interest (a "VIE"), to determine if we have a controlling financial interest and are required to consolidate the entity as a result. The reporting entity with a controlling financial interest in the VIE will have both of the following characteristics: (i) the power to direct the activities of a VIE that most significantly impact the VIE's economic performance and (ii) the obligation to absorb the losses of the VIE that could potentially be significant to the VIE or the right to receive benefit from the VIE that could potentially be significant to the VIE.

19.     On March 15, 2017, the Company filed a Form 10-K for the fiscal year ended December 31, 2016 (the "2016 10-K"). The 2016 10-K was signed by Defendants Hasting, Beatty, and Whiteley. The 2016 10-K contained signed SOX certifications by Defendants Hastings and Whiteley attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

20.     The 2016 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2016." The 2016 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

21.     The 2016 10-K stated the following regarding variable interest entities:

We evaluate our joint venture and other entities in which we have a variable interest (a "VIE"), to determine if we have a controlling financial interest and are required to consolidate the entity as a result. The reporting entity with a controlling financial interest in the VIE will have both of the following characteristics: (i) the power to direct the activities of a VIE that most significantly impact the VIE's economic performance and (ii) the obligation to absorb the losses of the VIE that could potentially be significant to the VIE or the

right to receive benefit from the VIE that could potentially be significant to the VIE.

22.     On March 16, 2018, the Company filed a Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendants Hasting, Beatty, and Whiteley. The 2017 10-K contained signed SOX certifications by Defendants Hastings and Whiteley attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

23.     The 2017 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2017." The 2017 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

24.     The 2017 10-K stated the following regarding variable interest entities:

We evaluate our joint venture and other entities in which we have a variable interest (a "VIE"), to determine if we have a controlling financial interest and are required to consolidate the entity as a result. The reporting entity with a controlling financial interest in the VIE will have both of the following characteristics: (i) the power to direct the activities of a VIE that most significantly impact the VIE's economic performance and (ii) the obligation to absorb the losses of the VIE that could potentially be significant to the VIE or the right to receive benefit from the VIE that could potentially be significant to the VIE.

25.     On March 25, 2019, the Company filed a Form 10-K for the fiscal year ended December 31, 2018 (the "2017 10-K"). The 2018 10-K was signed by Defendants Hasting, Beatty, and Whiteley. The 2018 10-K contained signed SOX certifications by Defendants Hastings and Whiteley attesting to the accuracy of financial reporting, the disclosure of any

material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

26.    The 2018 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2018." The 2018 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

27.    The 2018 10-K stated the following regarding variable interest entities:

We evaluate our joint venture and other entities in which we have a variable interest (a "VIE"), to determine if we have a controlling financial interest and are required to consolidate the entity as a result. The reporting entity with a controlling financial interest in the VIE will have both of the following characteristics: (i) the power to direct the activities of a VIE that most significantly impact the VIE's economic performance and (ii) the obligation to absorb the losses of the VIE that could potentially be significant to the VIE or the right to receive benefit from the VIE that could potentially be significant to the VIE.

28.    The statements referenced in Paragraphs 16-27 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company improperly did not classify Alaska Seismic Ventures, LLC ("ASV") as a variable interest entity; (2) the Company had a controlling financial interest in ASV, which required the Company to consolidate ASV in its financial statements; (3) the Company had deficient internal controls over financial reporting; (4) these practices were likely to lead to an investigation of the Company by the SEC; (5)

SAExploration would be forced to delay the filing of its quarterly report for the quarter ended June 30, 2019; and (6) as a result, Defendants' statements about SAExploration's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## The Truth Begins to Emerge

29.     On August 15, 2019, the Company announced in a press release that the SEC was conducting into certain accounting matters that arose in 2015-2016. The Company also announced that it would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019. The Company further announced that Defendant Hastings had been placed on administrative leave and resigned as Chairman, and that Defendant Whiteley had been terminated. The press release, stated, in relevant part:

> HOUSTON, Aug. 15, 2019 /PRNewswire/ -- SAExploration Holdings, Inc. (NASDAQ: SAEX, OTCQB: SXPLW) ("SAE" or the "Company") announced today that *the Securities and Exchange Commission (the "SEC") is conducting an investigation of the Company relating to certain accounting matters that arose in 2015-2016*. The Company has been cooperating, and will continue to cooperate, in good faith with the SEC and has retained legal counsel and an accounting advisor to assist the Company with respect to this matter. The Company's Board of Directors has established a Special Committee of independent directors to oversee the Company's own internal investigation and response to the SEC.
>
> *The Company will restate its previously issued financial statements for the fiscal years ended December 31, 2015 - 2018 and for the quarters starting ended June 30, 2015 - March 31, 2019 (collectively, the "Non-Reliance Periods") and, as a result, will delay filing its 10-Q for the quarter ended June 30, 2019. As a result, the financial statements for the Non-Reliance Period should no longer be relied upon.* The Board's decision to restate these financial statements arose from the Company's re-evaluation of its relationship with Alaska Seismic Ventures, LLC ("ASV"). *The Company has determined that ASV was a variable interest entity and that the Company had a controlling financial interest in ASV that required it to consolidate ASV during the Non-Reliance Periods in*

8

*accordance with accounting principles generally accepted in the United States. As a result of the above, the Company has determined that a material weakness exists in the Company's internal control over financial reporting and that disclosure controls and procedures were ineffective during the Non-Reliance Periods.* Accordingly, the Company will amend any disclosures pertaining to its evaluation of such controls and procedures as appropriate in connection with the restated filings. ASV is a data library company and the Company performed seismic services for ASV in 2015 and 2016. The need for restatement does not arise from SAE's current operating activities. The Company's Audit Committee has discussed the foregoing matters with Pannell Kerr Forster of Texas, P.C., the Company's independent registered public accounting firm, who supports the Company's determination. In connection with the restatement, the Company is in discussions with holders of a majority of its outstanding debt, as to whether or not there are defaults under the debt agreements, with the goal of agreeing to a path forward in a way that is constructive for the Company, its shareholders and employees, and the debt holders.

*Michael Faust has been named Chairman of the Board, replacing Jeff Hastings, who has been placed on administrative leave and resigned as Chairman of the Board. The Company expects to name a new Chief Executive Officer in the near future. Kevin Hubbard, C.P.A. and Partner at Ham, Langston & Brezina, has been named Interim Chief Financial Officer, replacing Brent Whiteley, who has been terminated.*

"We have taken swift action on each of these matters and will continue to do so until they are resolved," said Michael Faust, Chairman of the Board. "This does not impact our day-to-day operations which have been delivering outstanding results for our customers and investors. We remain committed to our customers, whose missions we make our own, and we are grateful to the devoted men and women of SAExploration and the contributions they make every day to our customers and our company. We have a strong pipeline of committed projects, an excellent team to deliver those projects, and are poised for continued success."

(Emphasis added.)

30.     On this news, the Company's shares fell $1.13 per share or over 34% to close at $2.14 per share on August 16, 2019, damaging investors. Trading volume on that date was unusually high.

31.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired SAExploration securities publicly traded on NASDAQ during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of SAExploration, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

33.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, SAExploration securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

34.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.      whether the Exchange Act was violated by Defendants' acts as alleged herein;

b.     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of SAExploration;

c.     whether the Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

d.     whether Defendants caused SAExploration to issue false and misleading SEC filings during the Class Period;

e.     whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

f.     whether the prices of SAExploration securities during the Class Period were artificially inflated because of defendants' conduct complained of herein; and

g.     whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a.     SAExploration shares met the requirements for listing, and were listed and

actively traded NASDAQ, a highly efficient and automated market;

b.     As a public issuer, SAExploration filed periodic public reports with the SEC;

c.     SAExploration regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

d.     SAExploration was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

39.     Based upon the foregoing, the market for SAExploration securities promptly digested current information regarding SAExploration from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

40.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

**COUNT I**
**Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder**
**Against All Defendants**

41.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42.     This Count is asserted against Defendants based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43.     During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

44.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

a.     employed devices, schemes and artifices to defraud;

b.     made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c.     engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their purchases of SAExploration securities during the Class Period.

45.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of SAExploration were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of SAExploration, their control over, and/or receipt and/or modification of SAExploration's allegedly materially misleading statements, and/or their associations with the Company which

made them privy to confidential proprietary information concerning SAExploration, participated in the fraudulent scheme alleged herein.

46.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other SAExploration personnel to members of the investing public, including Plaintiff and the Class.

47.    As a result of the foregoing, the market price of SAExploration securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of SAExploration securities during the Class Period in purchasing SAExploration securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

48.    Had Plaintiff and the other members of the Class been aware that the market price of SAExploration securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased SAExploration securities at the artificially inflated prices that they did, or at all.

49.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

50.    By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members

of the Class for substantial damages which they suffered in connection with their purchase of SAExploration securities during the Class Period.

**COUNT II**
**Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

51.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     During the Class Period, the Individual Defendants participated in the operation and management of SAExploration, and conducted and participated, directly and indirectly, in the conduct of SAExploration's business affairs. Because of their senior positions, they knew the adverse non-public information about SAExploration's corporate governance and business prospects.

53.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to SAExploration's business practices, and to correct promptly any public statements issued by SAExploration which had become materially false or misleading.

54.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which SAExploration disseminated in the marketplace during the Class Period concerning the Company's corporate governance and business prospects. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause SAExploration to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of SAExploration within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of SAExploration securities.

15

55.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by SAExploration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

A.    Declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

B.    Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C.    Awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.    Awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: August __, 2019                              Respectfully submitted,

                                                    **STECKLER GRESHAM COCHRAN PLLC**

                                                    /s/ R. Dean Gresham
                                                    R. Dean Gresham
                                                    Texas Bar No. 24027215
                                                    12720 Hillcrest Rd, Suite 1045
                                                    Dallas, Texas 75230
                                                    Telephone: (972) 387-4040
                                                    Facsimile: (972) 387-4041
                                                    Email: dean@stecklerlaw.com

                                                    -and-

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (not admitted)
Laurence M. Rosen, Esq. (not admitted)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
          lrosen@rosenlegal.com

Counsel for Plaintiff

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against SAExploration Holdings, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The SAExploration Holdings, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| **First name:** | john |
| **Middle initial:** | E |
| **Last name:** | bodin |
| **Address:** | |
| **City:** | REDACTED |
| **State:** | |
| **Zip:** | |
| **Country:** | |
| **Facsimile:** | |
| **Phone:** | |
| **Email:** | |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 05/15/2019 | 315 | 3.42 |
| Common Stock | 05/17/2019 | 300 | 3.64 |
| Common Stock | 07/03/2019 | 358 | 3.59 |
| Common Stock | 07/03/2019 | 820 | 3.62 |
| Common Stock | 07/03/2019 | 600 | 3.57 |
| Common Stock | 01/23/2019 | 30 | 4.12 |
| Common Stock | 01/29/2019 | 72 | 3.74 |
| Common Stock | 02/06/2019 | 60 | 3.99 |
| Common Stock | 02/11/2019 | 50 | 3.83 |

**Certification for john bodin (cont.)**

| | | | |
|---|---|---|---|
| Common Stock | 03/05/2019 | 98 | 3.90 |
| Common Stock | 03/05/2019 | 85 | 3.96 |
| Common Stock | 03/26/2019 | 280 | 3.81 |
| Common Stock | 03/28/2019 | 700 | 3.94 |
| Common Stock | 04/04/2019 | 96 | 3.73 |
| Common Stock | 04/18/2019 | 120 | 3.99 |
| Common Stock | 04/24/2019 | 165 | 4.13 |
| Common Stock | 01/15/2019 | 63 | 4.33 |
| Common Stock | 07/02/2018 | 500 | 188 |
| Common Stock | 07/05/2018 | 85 | 2.38 |
| Common Stock | 07/05/2018 | 300 | 2.09 |
| Common Stock | 07/09/2018 | 50 | 1.75 |
| Common Stock | 07/09/2018 | 390 | 1.65 |
| Common Stock | 07/18/2018 | 120 | 1.64 |
| Common Stock | 07/24/2018 | 90 | 2.08 |
| Common Stock | 07/25/2018 | 290 | 1.86 |
| Common Stock | 07/25/2018 | 270 | 1.88 |
| Common Stock | 07/26/2018 | 30 | 1.77 |
| Common Stock | 10/02/2018 | 25 | 10.10 |
| Common Stock | 10/03/2018 | 8 | 10.70 |
| Common Stock | 10/04/2018 | 12 | 10.21 |
| Common Stock | 10/19/2018 | 27 | 6.58 |
| Common Stock | 07/02/2018 | 1500 | 1.88 |
| Common Stock | 06/28/2018 | 270 | 1.85 |

Sales:

| Type of Security | Sale Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 06/24/2019 | 500 | 3.48 |
| Common Stock | 06/24/2019 | 300 | 3.24 |
| Common Stock | 06/24/2019 | 400 | 3.22 |
| Common Stock | 06/25/2019 | 300 | 3.42 |
| Common Stock | 06/25/2019 | 200 | 3.35 |
| Common Stock | 08/16/2019 | 2778 | 1.95 |

7.  I have not served as a representative party on behalf of a class under the federal
    securities laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the
United States, that the information entered is accurate:          **YES**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

**Certification for john bodin (cont.)**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 08/17/2019