IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN BODIN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, and BRENT WHITELY,<br><br>       Defendants. | Case No. 4:19-cv-03089<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMRIT KUMAR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL |

1199049 V3

## TABLE OF CONTENTS

**Page**

I.  STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ........................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

II.  PRELIMINARY STATEMENT ..................................................................... 1

III.  STATEMENT OF FACTS ............................................................................ 3

IV.  SUMMARY OF THE ARGUMENT .............................................................. 4

    A.  Kumar Should Be Appointed Lead Plaintiff ............................................. 4

        1.  Kumar's Motion Is Timely .......................................................... 5

        2.  Kumar Has The "Largest Financial Interest" In the Relief Sought By The Class .................................................................... 6

        3.  Kumar Satisfies The Requirements of Rule 23 ............................. 6

            a.  Movant's claims are typical of the claims of all the class members. .................................................................. 7

            b.  Movant will adequately represent the interests of the Class. .......................................................................... 8

    B.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................... 9

V.  CONCLUSION .......................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Feder v. Elec. Data Sys. Corp.*,
  429 F.3d 125 (5th Cir. 2005) ..............................................................................................8

*Izadjoo v. Kratz*,
  2016 WL 343989 (S.D. Tex. Jan. 28, 2016) .......................................................................9

*James v. City of Dall.*,
  254 F.3d 551 (5th Cir. 2001) ..............................................................................................7

*Kakkar v. Bellicum Pharm., Inc.*,
  2019 WL 1367653 (S.D. Tex. Mar. 26, 2019)....................................................................7

*Parker v. Hyperdynamics Corp.*,
  2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ......................................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Dynegy, Inc. (In re Dynegy, Inc. Sec. Litig.)*,
  2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002).................................................7, 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
  2015 WL 8207331 (S.D. Tex. Dec. 7, 2015)........................................................................6, 9

## STATUTES

U.S.C. § 78u-4(a)(3) ..............................................................................................................1

15 U.S.C. § 77z-1(a)(3)(B)(i) ................................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ..........................................................................................5

15 U.S.C. § 78u-4(a)(1) ..........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .....................................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) ..............................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .........................................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................1, 9

Exchange Act ................................................................................................................................4

Exchange Act Sections 10(b) and 20(a) (15 U.S.C. §§ 78j(b), 78t(a)) ......................................2

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4: (i) ................................1

PSLRA ................................................................................................................................ *passim*

## OTHER AUTHORITIES

(17 C.F.R. § 240.10b-5) ...............................................................................................................2

Federal Rules of Civil Procedure Rule 23(a)(4) .........................................................................8

Local Rule 7.1.D ..........................................................................................................................1

LR7.1.D .......................................................................................................................................1

Rule 10b-5 ....................................................................................................................................2

Rule 23 ...............................................................................................................................2, 5, 6, 7

Rule 23(a)(3) ...............................................................................................................................7

Rule 23's ......................................................................................................................................7

Putative class member Amrit Kumar ("Kumar" or "Movant"), by his counsel, hereby moves this Court for an Order pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4: (i) appointing Kumar as Lead Plaintiff in the above-referenced action; (ii) approving Kumar's selection of Hagens Berman Sobol Shapiro LLP  ("Hagens Berman") as Lead Counsel and Hilliard Martinez Gonzales LLP ("Hilliard Martinez" or "Liaison Counsel") as Liaison Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.[1]  In support of this Motion, the Plaintiffs submit a memorandum of law, the Declaration of Reed R. Kathrein ("Kathrein Decl.") and a Proposed Order, filed concurrently herewith.

## I.      STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1.      Whether the Court should appoint Movant as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.      Whether the Court should approve of Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.      PRELIMINARY STATEMENT

This is a federal securities class action alleging that SAExploration Holdings, Inc. ("SAExploration" or the "Company") and certain of its senior executives (collectively,

---

[1] Local Rule 7.1.D. requires a conference of counsel prior to filing motions.  Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time.  U.S.C. § 78u-4(a)(3).  Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions.  Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1.D. be waived.

"Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Specifically, the action alleges that from March 15, 2016 and August 15, 2019, Defendants misled investors concerning the strength of SAExploration's business, operations, and prospects.  SAExploration investors, including Movant, incurred significant losses when, on August 15, 2019, the Company announced in a press release that 1) the SEC was investigating certain of its accounting matters that arose in 2015-2016, 2) the Company would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019, and 3) that Defendant Hastings had been placed on administrative leave and resigned as Chairman, and Defendant Whiteley had been terminated.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that he is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Movant is the "most adequate plaintiff" by virtue of, among other things, the over $284,000,000.00 in losses Movant incurred on Movant's purchases of 2,165 shares of SAExploration common stock during the Class Period.

In addition to asserting the largest financial interest, Movant readily satisfies the relevant requirements of Rule 23 because Movant's claims are typical of those of all members of the Class and Movant will fairly and adequately represent the interests of the Class.  Here, Movant, a Bay-Area Software Engineering Manager, is well-suited to represent the Class given his sophistication and substantial financial interest.  In addition, Movant fully understands the Lead

Plaintiff's obligations to the Class under the PSLRA, and is committed to fulfilling those responsibilities to guarantee zealous prosecution of this action.

Movant has further demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel and Hilliard Martinez as Liaison Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors, including within this District. Hagens Berman has extensive experience in securities fraud litigation and is qualified to prosecute this action. Hilliard Martinez is also an experienced and qualified law firm whose attorneys are familiar with local practice in this District.

Based on Movant's financial interest in the outcome of this action, Movant's commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Movant respectfully requests that the Court appoint Movant Lead Plaintiff and otherwise grant Movant's Motion.

### III.    STATEMENT OF FACTS

SAExploration is a Houston Texas-based company that provides seismic data acquisition, logistical support, and processing and integrated reservoir geosciences services in North America, South America, the Asia Pacific, and West Africa. The Company's seismic data acquisition services include program design, planning and permitting, camp, survey and drilling, recording, reclamation, and in-field data processing. It acquires 2D, 3D, time-lapse 4D, and multi-component seismic data on land, in transition zones between land and water, and in offshore in depths reaching 3,000 meters. The Company operates crews that utilize approximately 135,000 owned land and marine seismic data acquisition equipment and other leased equipment. It serves integrated oil companies, national oil companies and independent oil and natural gas exploration and production companies. The Company's stock trades on the NASDAQ Capital Market ("NASDAQ") under the stock symbol "SAEX".

The Complaint alleges that during the Class Period, Defendants misrepresented the accuracy of SAExploration's financial reporting.  *See* Bodin Compl. ¶ 28.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company improperly did not classify Alaska Seismic Ventures, LLC ("ASV") as a variable interest entity; (2) the Company had a controlling financial interest in ASV, which required the Company to consolidate ASV in its financial statements; (3) the Company had deficient internal controls over financial reporting; (4) these practices were likely to lead to an investigation of the Company by the SEC; (5) SAExploration would be forced to delay the filing of its quarterly report for the quarter ended June 30, 2019; and (6) as a result, Defendants' statements about SAExploration's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.  *Id*.

On August 15, 2019, the market learned the truth when, on August 15, 2019, the Company announced in a press release that 1) the SEC was investigating certain of its accounting matters that arose in 2015-2016, 2) the Company would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019, and 3) that Defendant Hastings had been placed on administrative leave and resigned as Chairman, and Defendant Whiteley had been terminated.  As a result of these disclosures, the price of SAExploration common shares declined $1.13 per share or over 34% on August 16, 2019, damaging investors.

## IV.   SUMMARY OF THE ARGUMENT

### A.   Kumar Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requirements are both procedural and substantive. *Id.* The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant meets these requirements and should, therefore, be appointed as Lead Plaintiff.

### 1.    Kumar's Motion Is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice published in this action on August 18, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Kathrein Decl., Exhibit C. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

1199049 V3                                       - 5 -

**2.     Kumar Has The "Largest Financial Interest" In the Relief Sought By The Class**

In deciding "the largest financial interest in the relief sought by the class," courts in this district tend to consider four relevant factors: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Parker v. Hyperdynamics Corp.*, No. 4:12-cv-00999, 2013 WL 623164, at *2 (S.D. Tex. Feb. 19, 2013) (*citing Newby v. Enron Corp. (In re Enron Corp., Sec. Litig.)*, 206 F.R.D. 427, 440 (S.D. Tex. 2002), *Lax v. First Merchs. Acceptance Corp.*, No. 1:97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997)).

During the Class Period, Movant expended over $391,000.00 in purchasing SAEX shares on NASDAQ during the Class Period at the artificially inflated prices and suffered losses of over $284,000.00 whether calculated on a FIFO or LIFO basis.  See Kathrein Decl., Exs. A and B.[2] To the best of Movant's counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant.  Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

**3.     Kumar Satisfies The Requirements of Rule 23**

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23.  *See In re Plains All Am. Pipeline, L.P. Sec. Litig.*, No. 4:15-cv-02404, 2015 WL 8207331, at *3 (S.D. Tex. Dec. 7, 2015) ("The most relevant requirements

---

[2] The number of shares Movant purchased and their respective share prices have been adjusted to account for SAExploration's September 2018 stock split.

under the PSLRA are adequacy and typicality.") (*citing Enron*, 206 F.R.D. at 441).  Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movant must make only a preliminary showing that she meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.  *See Kakkar v. Bellicum Pharm., Inc*., No. 4:18-cv-00338, 2019 WL 1367653, at *2 (S.D. Tex. Mar. 26, 2019) ("In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule 23's requirements—typicality and adequacy—are satisfied.") (*quoting In re Sequans Commc'ns. S.A. Sec. Litig*., 289 F. Supp. 3d 416, 422 (E.D.N.Y. 2018)).  Here, Movant satisfies both requirements.

### a.     Movant's claims are typical of the claims of all the class members.

Under Rule 23(a)(3), the typicality requirement is satisfied "if the plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Dynegy, Inc. (In re Dynegy, Inc. Sec. Litig.)*, No. 4:02-cv-10571, 2002 U.S. Dist. LEXIS 27858, at *16 (S.D. Tex. Oct. 28, 2002) (*citing Mullen v. Treasure Chest Casino, LLC*., 186 F.3d 620, 625 (5th Cir. 1999)).  Movant satisfies this requirement because, just like all other proposed class members, Movant seeks to assert claims and recover damages arising from Defendants' misrepresentations.  Movant claims therefore arise from the same factual predicate as those in the complaints.  *See id*.

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See James v. City of Dall*., 254 F.3d 551, 571 (5th Cir. 2001) ("Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same

essential characteristics of those of the putative class.") (citations omitted). In this case, the typicality requirement is met because Movant's claims arise from the same course of events as the claims of every other Class Member, and do not differ with regard to how Defendants' liability would be proved. Like all Class Period investors, Movant purchased SAEX securities when the prices were artificially inflated as a result of Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages by purchasing SAEX securities at prices that were inflated due to the alleged materially false and misleading statements and/or omissions issued by Defendants. Simply put, Movant's claims and injuries arise from precisely the same events and course of conduct that gave rise to the claims of other Class Members and Movant is not subject to any unique or special defenses.

Accordingly, Movant satisfies the typicality requirement.

### b.      Movant will adequately represent the interests of the Class.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement requires "an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (*citing Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (internal citations omitted)). As described below, Movant will adequately represent the interests of the class.

Here, Movant satisfies these elements because his substantial financial stake in the litigation provides the incentive to vigorously represent the Class's claims. *See Pirelli*, 2002 U.S. Dist. LEXIS 27858, at *21 ("financial stake in the litigation provides an adequate incentive

for the [proposed lead plaintiffs] to vigorously prosecute the action") (*quoting In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998)).

In addition, Movant's and the Class' interests are perfectly aligned.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and other Class members.  To further illustrate their adequacy, Movant submits herewith a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  Kathrein Decl. Ex. A (Certification); Kathrein Ex. D (Declaration).  Finally, Movant has demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel to represent the Class in this action.  As discussed more fully below, Hagens Berman is a highly qualified and experienced firm in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct securities class action litigation effectively.

**B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Plains*, 2015 WL 8207331, at *5.  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate.  *See Izadjoo v. Kratz,* No. 4:15-cv-02213, 2016 WL 343989, at *3 (S.D. Tex. Jan. 28, 2016) (approving proposed lead counsel that had "extensive experience in securities class actions," and approving proposed liaison counsel with "extensive experience serving as liaison class counsel.").

Movant has selected Hagens Berman to serve as Lead Counsel and Hilliard Martinez as Liaison Counsel for the proposed Class.  Hagens Berman has previously been appointed as lead

1199049 V3                                                 - 9 -

counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Ex. D.  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases.  *See* Kathrein Decl., Ex. D at p. 31.  Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions.  *See* Kathrein Decl., Ex. D at p. 32.  Proposed Liaison Counsel Hilliard Martinez is also a highly experienced firm that regularly appears in this District and is familiar with local practice.  *See* Kathrein Decl. Ex. E.  If this motion is granted, Hagens Berman and Hilliard Martinez will provide members of the Class with the highest caliber of representation available.  Accordingly, the Court should approve Movant's selection of Lead and Liaison Counsel.

## V.   CONCLUSION

For the foregoing reasons, Kumar respectfully requests that the Court issue an Order: (1) appointing Kumar as Lead Plaintiff for the Class; and (2) approving his selections of Hagens Berman as Lead Counsel and Hilliard Martinez Gonzales LLP as Liaison Counsel for the Class.

DATED: October 17, 2019

Respectfully submitted,

HILLIARD MARTINEZ GONZALES LLP

By     */s/ Marion M. Reilly*
          Marion M. Reilly

Marion M. Reilly
John B. Martinez
719 South Shoreline, Suite 500
Corpus Christi, TX  78401
Telephone: (361) 882-1612
Facsimile:  (361) 882-3015
marion@hmglawfirm.com
john@hmglawfirm.com

*Liaison Counsel for [Proposed] Lead Plaintiff*

Reed R. Kathrein

Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*

1199049 V3

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Marion M. Reilly*
MARION M. REILLY