UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN BODIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, and BRENT WHITELEY, <br><br> Defendants. | § CIVIL ACTION NO. 4:19-cv-03089 <br> § <br> § **MEMORANDUM OF LAW IN SUPPORT** <br> § **OF TONY TEP'S MOTION FOR** <br> § **APPOINTMENT AS LEAD PLAINTIFF** <br> § **AND APPROVAL OF LEAD PLAINTIFF'S** <br> § **SELECTION OF COUNSEL** <br> § <br> § **CLASS ACTION** <br> § <br> § <br> § <br> § <br> § <br> § |

**INTRODUCTION**

Movant Tony Tep ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of SAExploration Holdings, Inc. ("SAExploration" or the "Company") between March 15, 2016 through August 15, 2019, inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class and Steckler Gresham Cochran PLLC as Liaison Counsel.

**BACKGROUND**

The above captioned action styled as *Bodin v. SAExploration Holdings, Inc., et al.,* Case No. 4:19-cv-03089 was commenced on August 18, 2019 in this court against the Company, Jeff Hastings ("Hastings"), Brian Beatty ("Beatty"), and Brent Whiteley ("Whiteley") ("Defendants")

1

for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Defendant SAExploration provides seismic data acquisition, logistical support, and processing and integrated reservoir geosciences services in North America, South America, the Asia Pacific, and West Africa.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) the Company improperly did not classify Alaska Seismic Ventures, LLC ("ASV") as a variable interest entity; (2) the Company had a controlling financial interest in ASV, which required the Company to consolidate ASV in its financial statements; (3) the Company had deficient internal controls over financial reporting; (4) these practices were likely to lead to an investigation of the Company by the SEC; (5) and SAExploration would be forced to delay the filing of its quarterly report for the quarter ended June 30, 2019; and (6) as a result, Defendants' statements about SAExploration's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On March 15, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K"), signed by Hastings, Beatty, and Whiteley. The 2015 10-K stated the following regarding variable interest entities:

> We evaluate our joint venture and other entities in which we have a variable interest (a "VIE"), to determine if we have a controlling financial interest and are required to consolidate the entity as a result. The reporting entity with a controlling financial interest in the VIE will have both of the following characteristics: (i) the power to direct the activities of a VIE that most significantly impact the VIE's economic performance and (ii) the obligation to

absorb the losses of the VIE that could potentially be significant to the VIE or the right to receive benefit from the VIE that could potentially be significant to the VIE.

On March 15, 2017, the Company filed a Form 10-K for the fiscal year ended December 31, 2016 (the "2016 10-K"), which was also signed by Hastings, Beatty, and Whiteley. The 2016 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2016." The 2016 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2016 10-K contained language regarding VIEs which was substantially similar to the 2015 10-K.

On March 16, 2018, the Company filed a Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K") which was also signed by Hastings, Beatty, and Whiteley. The 2017 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2017." The 2017 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2017 10-K contained language regarding VIEs which was substantially similar to the 2015 10-K and the 2016 10-K.

On March 25, 2019, the Company filed a Form 10-K for the fiscal year ended December 31, 2018 (the "2018 10-K") which was also signed by Hastings, Beatty, and Whiteley. The 2018 10-K stated that "management has concluded that we maintained effective internal control over financial reporting as of December 31, 2018." The 2018 10-K also provided that there "were no changes in our internal control over financial reporting that occurred during the fourth quarter of the period covered by this report that have materially affected, or are reasonably likely to

3

materially affect, our internal control over financial reporting." The 2018 10-K contained language regarding VIEs which was substantially similar to the 2015 10-K, the 2016 10-K, and the 2017 10-K.

On August 15, 2019, the Company announced in a press release that the SEC was conducting an investigation into certain accounting matters that arose in 2015-2016. The Company also announced that it would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019. The Company further announced that Defendant Hastings had been placed on administrative leave and resigned as Chairman, and that Defendant Whiteley had been terminated. The press release, stated, in part:

> "The Company will restate its previously issued financial statements for the fiscal years ended December 31, 2015 - 2018 and for the quarters starting ended June 30, 2015 - March 31, 2019 (collectively, the "Non-Reliance Periods") and, as a result, will delay filing its 10-Q for the quarter ended June 30, 2019. As a result, the financial statements for the Non-Reliance Period should no longer be relied upon. The Board's decision to restate these financial statements arose from the Company's re-evaluation of its relationship with Alaska Seismic Ventures, LLC ("ASV"). The Company has determined that ASV was a variable interest entity and that the Company had a controlling financial interest in ASV that required it to consolidate ASV during the Non-Reliance Periods in accordance with accounting principles generally accepted in the United States. As a result of the above, the Company has determined that a material weakness exists in the Company's internal control over financial reporting and that disclosure controls and procedures were ineffective during the Non-Reliance Periods. Accordingly, the Company will amend any disclosures pertaining to its evaluation of such controls and procedures as appropriate in connection with the restated filings."

On this news, the Company's shares fell $1.13 per share or over 34% to close at $2.14 per share on August 16, 2019, damaging investors. Trading volume on that date was unusually high. As a result of Defendants' wrongful acts and omissions Plaintiff and other Class members have suffered significant losses and damages.

4

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition

and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost $365,392.26 in connection with purchases of SAExploration securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in SAExploration securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning SAExploration and its business. Movant, as well as other members of the class, purchased SAExploration shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a)     will not fairly and adequately protect the interests of the class; or

(b)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is aware of the requirements of being Lead Plaintiff. *See* App., Exhibit 4. Movant is a graduate of college and has been investing for over 10 years. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Steckler Gresham Cochran PLLC as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Exhibits 5-6. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving The Rosen Law Firm P.A. as Lead Counsel and Steckler Gresham Cochran PLLC as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: October 17, 2019                Respectfully submitted,

**STECKLER GRESHAM COCHRAN PLLC**

          /s/ R. Dean Gresham
R. Dean Gresham
Texas Bar No. 24027215
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: dean@stecklerlaw.com

[Proposed] Liaison Counsel for Plaintiff and Class

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (pro hac vice to be filed)
Phillip Kim, Esq. (pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

9

[Proposed] Lead Counsel for Plaintiff and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                    /s/ R. Dean Gresham