UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN BODIN, Individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>     vs.<br><br>SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, and BRENT WHITELEY,<br><br>                 Defendants. | Civil Action No. 4:19-cv-03089 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ROY BAMPTON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1#

STATEMENT OF FACTS .......................................................................................................1#

ARGUMENT ..........................................................................................................................3#

    A.#    BAMPTON SHOULD BE APPOINTED LEAD PLAINTIFF.............................3#

        1.#    Bampton Is Willing to Serve as Class Representative................................4#

        2.#    Bampton Has the "Largest Financial Interest" ...........................................4#

        3.#    Bampton Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure..................................................................5#

        4.#    Bampton Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses..............................................7#

    B.#    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................................8#

CONCLUSION.......................................................................................................................9#

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D. N.J. 2003)................................................................................6

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)................................................................................8

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ................................................................................7

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)................................................................................7, 8

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999)................................................................................7

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997)................................................................................7

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ................................................................................7

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)................................................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)................................................................................6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ................................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)................................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)................................................................................6

ii

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................................5

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................................9

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986).................................................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................... *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Federal Rules of Civil Procedure Rule 42 .................................................................1, 7

Movant Roy Bampton ("Bampton") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order:  (1) appointing Bampton as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of SAExploration Holdings, Inc. ("SAExploration" or the "Company") between March 15, 2016 through August 15, 2019, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Bampton, with losses of approximately $29,643, believes that he has the largest financial interest in the relief sought in this action.  Bampton further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members.  Accordingly, Bampton respectfully submits that he should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

As the Complaint in this action alleges, SAExploration provides seismic data acquisition, logistical support, and processing and integrated reservoir geosciences services in North America, South America, the Asia Pacific, and West Africa. SAExploration is a Delaware corporation and its principal executive offices are located at 1160 Dairy Ashford Road, Suite

1

160, Houston TX 77079. SAExploration securities trade on the NASDAQ under the ticker symbol "SAEX."

Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) the Company improperly did not classify Alaska Seismic Ventures, LLC ("ASV") as a variable interest entity; (2) the Company had a controlling financial interest in ASV, which required the Company to consolidate ASV in its financial statements; (3) the Company had deficient internal controls over financial reporting; (4) these practices were likely to lead to an investigation of the Company by the SEC; (5) SAExploration would be forced to delay the filing of its quarterly report for the quarter ended June 30, 2019; and (6) as a result, Defendants' statements about SAExploration's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

On August 15, 2019, the Company announced in a press release that the SEC was conducting into certain accounting matters that arose in 2015-2016. The Company also announced that it would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019. The Company further announced that Defendant Hastings had been placed on administrative leave and resigned as Chairman, and that Defendant Whiteley had been terminated.

On this news, the Company's stock price fell $1.13 per share, or over 34%, to close at $2.14 per share on August 16, 2019, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages.

## **ARGUMENT**

### **A.    BAMPTON SHOULD BE APPOINTED LEAD PLAINTIFF**

Bampton should be appointed Lead Plaintiff because he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Bampton satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

3

### 1. Bampton Is Willing to Serve as Class Representative

On August 18, 2019 counsel for plaintiff in the above-captioned action filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced the pendency of this action and advised investors of SAExploration securities that they had until October 17, 2019 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

Bampton has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as representative for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Bampton satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Bampton Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Bampton believes that he had the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses

suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Bampton (1) purchased 2,600 shares of SAExploration securities; (2) expended $29,881 on his purchases of SAExploration securities; (3) retained all of his SAExploration shares;[2] and (4) as a result of the disclosures of the fraud, suffered a loss of $29,643 in connection with his Class Period purchases.  *See* Lieberman Decl., Ex. C.  Because Bampton possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Bampton Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

[2] On September 17, 2018, the Company conducted a 20:1 reverse stock split.  On a post-stock split basis, Bampton retained 130 SAExploration shares.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large."  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class."  *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Bampton are typical of those of the Class. Bampton alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading.  Bampton, as did all members of the Class, purchased SAExploration securities during the Class Period at

prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Bampton is an adequate representative for the Class. There is no antagonism between the interests of Bampton and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Bampton has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Bampton Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Bampton as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Bampton to fairly and adequately represent the Class has been discussed above. Bampton is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Bampton should be appointed Lead Plaintiff for the Class.

## B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Bampton has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. Courts throughout the country have recognized Pomerantz's qualifications

8

to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-01725 (S.D.N.Y.); *Schiro v. CEMEX, S.A.B. de C.V.*, 18-cv-2352 (S.D.N.Y.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.).

As a result of their extensive experience in similar litigation, Bampton's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Bampton's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Bampton respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Bampton respectfully requests that the Court issue an Order: (1) appointing Bampton as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead for the Class.

Dated:   October 17, 2019

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
        ahood@pomlaw.com

9

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movant*

10