IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN BODIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, BRENT WHITELEY, L. MELVIN COOPER, GARY DALTON, DAVID D. SGRO, GREGORY R. MONAHAN, AND MICHAEL FAUST,<br><br>                       Defendants. | Case No. 4:19-cv-03089<br><br>**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS AMRIT KUMAR'S AND TONY TEP'S MOTION TO MODIFY ORDER STAYING CASE**<br><br>CLASS ACTION |

## TABLE OF CONTENTS

I.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ............................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

II.    FACTS ....................................................................................................................................1

III.    THE STAY SHOULD BE LIFTED AS TO ALL DEFENDANTS  OTHER THAN
       SAEXPLORATION ..............................................................................................................2

IV.    CONCLUSION.......................................................................................................................3

Lead Plaintiffs move this Court to modify the Court's September 2, 2020 order (ECF No. 69) by lifting the stay insofar as the stay applies to defendants other than SAExploration Holdings, Inc. ("SAExploration").[1] This motion is brought on the ground that 11 U.S.C. § 362 does not permit this action to be stayed against defendants other than SAExploration, and is based on the following memorandum of Points and Authorities and all other filings in this case.[2]

## I.   STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1.   Whether the Court should lift the Order (ECF No. 69) staying proceedings as to Non Debtor-Defendants Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust.

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.   FACTS

On August 31, 2020, defendant SAExploration filed its *Notice of Suggestion of Bankruptcy* ("Notice") with this Court, *see* ECF No. 67, which it amended on September 1, 2020 (ECF No. 68) and again on September 14, 2020 (ECF No. 70). The Notice lists only one of the Defendants in this litigation that has filed for relief under the Bankruptcy Code: SAExploration.[3] On September 2, 2020, without any motion by the parties, this Court issued an order that this case is stayed, and that "[a]ll pending motions are MOOT but may be summarily re-urged if the

---

[1] Lead Plaintiffs seek to lift the stay as to Non Debtor-Defendants Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust.

[2] Pursuant to Local Rule 7.1.D., Lead Plaintiffs have conferred with all Defendants who have appeared in this action and counsel cannot agree about the disposition of the motion.

[3] The Debtors in the Chapter 11 cases consist of Defendant SAExploration Holdings, Inc., together with several subsidiaries and affiliates of SAExploration, none of whom are parties top this litigation, namely: SAExploration Sub, Inc., SAExploration, Inc., SAExploration Seismic Services (US), LLC, and NES, LLC. None of the other Defendants in this case – Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust (together, the "Non-Debtor Defendants") – are parties to the Chapter 11 proceeding.

automatic stay is lifted." *See* ECF No. 69. Lead Plaintiffs now move to lift the stay as to all defendants other than SAExploration.

### III.    THE STAY SHOULD BE LIFTED AS TO ALL DEFENDANTS OTHER THAN SAEXPLORATION

The filing of a bankruptcy petition automatically stays pending lawsuits against the bankrupt entity (or entities) only. Specifically, section 362(a)(1) of the Bankruptcy Code states that a bankruptcy petition "operates as a stay . . . of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1) (emphasis added). By its terms, section 362(a)(1) does not stay parallel actions against entities other than the bankrupt entity.

The Fifth Circuit has confirmed that the automatic stay is of limited scope, and does not apply to actions against non-debtor parties whether they are co-defendants in civil litigation, officers or directors of corporate debtors, or guarantors of obligations subjected to litigation for transactions or events involving the debtor. *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711 (5th Cir. 1985). Section 362 is rarely a valid basis on which to stay actions against non-debtors. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). The Fifth Circuit has held that an action commenced prior to the bankruptcy of one of the defendants may continue to proceed against non-debtor co-defendants without severance of the action against the bankrupt. *GATX Aircraft Corp.*, 768 F.2d at 716.

District courts throughout the Fifth Circuit have agreed. *See Horizon Livestock, LLC v. 24 Trading Co. LLC*, No. 3:12-cv-00335-KC, 2014 U.S. Dist. LEXIS 191293, at *4 (W.D. Tex. May 21, 2014) ("As a general matter, the automatic stay created by the filing of a bankruptcy petition protects only the debtor; it does not stay actions against the debtor's co-defendant.") (*citing In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987)); *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-CV-3009-B, 2019 U.S. Dist. LEXIS 67670, at *5 (N.D. Tex. Apr. 22,

2019) ("The automatic stay under 11 U.S.C. § 362(a) generally protects only the debtor in the bankruptcy proceeding, not codebtors, cotortfeasors, or other nondebtors. [*citing Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)]. Nor does it protect codefendants or preclude severance.") (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, the automatic stay under Section 362 A of the Bankruptcy Code does not apply to the Non Debtor-Defendants, and the Court's Order staying proceedings in this litigation (ECF No. 69) should be lifted as to the Non-Debtor Defendants, namely: Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust.


DATED: September 22, 2020                 Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By _____*/s/ Reed R. Kathrein*_____
         REED R. KATHREIN

Reed R. Kathrein (admitted *Pro Hac Vice*)
Danielle Smith (admitted *Pro Hac Vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**STECKLER GRESHAM COCHRAN PLLC**

R. Dean Gresham (TX Bar No. 24027215)
12720 Hillcrest Road, Suite 1045
Dallas, TX  75219
Telephone: (972) 387-4040
Facsimile:  (972) 387-4041
dean@stecklerlaw.com

*Co-Liaison Counsel for Lead Plaintiffs and the
Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim (admitted *Pro Hac Vice*)
Laurence M. Rosen
Brent J. LaPointe (admitted *Pro Hac Vice*)
275 Madison Avenue, 40th Floor
New York, NY  10016
Telephone: (212) 686-1060
Facsimile:  (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
blapointe@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**HILLIARD MARTINEZ GONZALES LLP**

Marion M. Reilly (TX Bar No. 24079195)
John B. Martinez (TX Bar No. 24010212)
719 South Shoreline, Suite 500
Corpus Christi, TX  78401
Telephone: (361) 882-1612
Facsimile:  (361) 882-3015
marion@hmglawfirm.com
john@hmglawfirm.com

*Liaison Counsel for Lead Plaintiffs*

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN