EXECUTION VERSION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| AMRIT KUMAR and TONY TEP,<br>Individually and on Behalf of All Others Similarly<br>Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAEXPLORATION HOLDINGS, INC., JEFF<br>HASTINGS, BRIAN BEATTY, BRENT<br>WHITELEY, L. MELVIN COOPER, GARY<br>DALTON, DAVID D. SGRO, GREGORY R.<br>MONAHAN, and MICHAEL FAUST,<br><br>Defendants. | Case No. 4:19-cv-03089 |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Settlement Agreement"), dated as of January 15, 2021, which is entered into by and among (i) Co-Lead Plaintiffs Amrit Kumar and Tony Tep (collectively, "Plaintiffs" or "Lead Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein); (ii) Defendant SAExploration Holdings, Inc. ("SAExploration" or the "Company"); and (iii) Defendants Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust (collectively, the "Officer and Director Defendants" and, together with SAExploration, "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the

EXECUTION VERSION

approval of the United States District Court for the Southern District of Texas (the "Court").

Throughout this Settlement Agreement, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A. The Action

On August 18, 2019, plaintiff John Bodin commenced this action, then styled *John Bodin, Individually and on Behalf of All others Similarly Situated v. SAExploration Holdings, Inc., Jeff Hastings, Brian Beatty, and Brent Whiteley*, No. 4:19-cv-03089 (S.D. Tex.), on behalf of all persons who purchased or otherwise acquired SAExploration securities from March 15, 2016 through August 15, 2019, inclusive. (ECF No. 1.) The *Bodin* action asserted claims for violation of Sections 10(b)(5) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, against SAExploration and certain of the Officer and Director Defendants.

On February 7, 2020, the Court appointed Amrit Kumar and Tony Tep as Lead Plaintiffs and appointed Reed R. Kathrein of Hagens Berman Sobol Shapiro LLP and Phillip Kim of The Rosen Law Firm, P.A. as Co-Lead Counsel ("Co-Lead Counsel"). (ECF No. 42.)

On July 15, 2020, Lead Plaintiffs filed the amended class action complaint, asserting claims against Defendants for violation of Sections 10(b)(5) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, on behalf of all persons who purchased or otherwise acquired SAExploration securities from March 15, 2016 through February 7, 2020, inclusive (ECF No. 55, the "Amended Complaint"). Upon the filing of the Amended Complaint, the case was renamed *Amrit Kumar and Tony Tep, Individually and on Behalf of All others Similarly Situated v. SAExploration Holdings, Inc, et al.*, Case No. 4:19-cv-03089 (S.D. Tex.).

EXECUTION VERSION

### B.      The Settlement

On October 21, 2020, certain of the Settling Parties attended a full-day mediation session with Mr. Robert Meyer, Esq. of JAMS, a highly experienced, neutral mediator. Prior to the mediation session, Plaintiffs provided Defendants with a detailed mediation statement. A settlement in principle was reached at the mediation, the substantive terms of which were memorialized in the Term Sheet dated December 1, 2020 (the "Term Sheet").

### C.      Defendants' Denial of Wrongdoing and Liability

Throughout the course of the Action and in this Settlement Agreement, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Plaintiffs, as well as the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Settlement Agreement, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Settlement Agreement solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Settlement Agreement shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Defendants' Releasees with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages

EXECUTION VERSION

whatsoever.

### D.    Plaintiffs' Claims and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motions to dismiss, motions for summary judgment, motions for class certification, and trial. Plaintiffs have therefore determined that the Settlement set forth in this Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

Nothing in this Settlement Agreement shall be construed as or deemed evidence supporting an admission by Plaintiffs with respect to the merits of any of Defendants' defenses.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled, and released, the Action shall be dismissed fully, finally, and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

EXECUTION VERSION

### 1.    Definitions

In addition to the terms defined above, the following capitalized terms, used in this Settlement Agreement, shall have the meanings specified below:

1.1.    "Action" means the putative class action captioned *Amrit Kumar and Tony Tep, individually and on behalf of all others similarly situated, v. SAExploration Holdings, Inc., Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust*, Case No. 4:19-cv-03089 (S.D. Tex.).

1.2.    "Additional Plaintiffs' Counsel" means Steckler Wayne Cochran PLLC (formally known as Steckler Gresham Cochran PLLC) and Hilliard Martinez Gonzales LLP.

1.3.    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶ 7.2) to the Authorized Claimants. Such costs do not include legal fees.

1.4.    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Settlement Agreement, the exhibits hereto, and any order of the Court.

1.5.    "Award to Plaintiffs" means the requested award to Lead Plaintiffs to compensate them for their time and contributions to the Action, and for their reasonable costs and expenses (including lost wages), directly related to Lead Plaintiffs' representation of the Settlement Class in the Action.

EXECUTION VERSION

      **1.6.**    "Bankruptcy Case" means the consolidated Chapter 11 proceeding commenced on August 27, 2020, by Defendant SAExploration and its affiliates SAExploration Sub, Inc, SAExploration, Inc., SAExploration Seismic Services (US), LLC, and NES, LLC in the United States Bankruptcy Court for the Southern District of Texas, Case No. 20-34306.

      **1.7.**    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of Texas.

      **1.8.**    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

      **1.9.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fines, dues, charges, fees, expenses, rights, grievances, duties, judgments, sums of money, suits, contracts, agreements, promises, accounts, damages, actions, potential claims, counterclaims, cross-claims, causes of action and liabilities, of any kind or nature or description whatsoever, whether based in statute, law or equity, contract, tort or any other grounds or authority or otherwise (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), asserted or unasserted, express or implied, direct or derivative, foreseen or unforeseen, suspected or unsuspected, matured or unmatured, fixed, contingent or vested, liquidated or unliquidated, accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

      **1.10.**    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

EXECUTION VERSION

      **1.11.**   "Co-Lead Counsel" means Phillip Kim of The Rosen Law Firm, P.A. and Reed R. Kathrein of Hagens Berman Sobol Shapiro LLP.

      **1.12.**   "Common Stock" means the shares of SAExploration common stock .

      **1.13.**   "Defendants" means SAExploration and the Officer and Directors Defendants, as defined herein, individually and collectively.

      **1.14.**   "Defendants' Related Parties" means any and all of Defendants' current and former parent entities, subsidiaries, business units, business divisions, affiliates, entities in which they have a controlling financial interest or of which they are the primary beneficiary, officers, directors, employees, attorneys, agents, trustees, insurers, reinsurers, executors, financial or investment advisors, consultants, investment bankers, commercial bankers, advisors, accountants, general or limited partners or partnerships, members, managers, personal representatives, estates, administrators, and each of their immediate family members, successors, predecessors, heirs, assigns, and assignees, in their capacities as such.

      **1.15.**   "Defendants' Releasees" means Defendants, and each and all of their current and former parent entities, subsidiaries, business units, business divisions, affiliates, entities in which they have a controlling financial interest or of which they are the primary beneficiary, officers, directors, employees, attorneys, agents, trustees, financial or investment advisors, consultants, investment bankers, commercial bankers, advisors, accountants, insurers, reinsurers, executors, general or limited partners or partnerships, members, managers, personal representatives, estates, administrators, and each of their immediate family members, successors, predecessors, heirs, assigns, and assignees.

      **1.16.**   "Defense Counsel" means collectively Sidley Austin LLP, Vinson & Elkins LLP, McKool Smith P.C., Gerger Khalil Hennessy & McFarlane LLP, and Hughes Arrell Kinchen

EXECUTION VERSION

LLP.

      **1.17.**   "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Settlement Agreement and any order of the Court.

      **1.18.**   "Escrow Agent" means the Claims Administrator or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Settlement Agreement and any order of the Court.

      **1.19.**   "Effective Date" shall have the meaning set forth in ¶ 10.1 of this Settlement Agreement.

      **1.20.**   "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in Section 6, or shall affect or delay the date on which the Final Judgment becomes Final.

      **1.21.**   "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as **Exhibit B**.

EXECUTION VERSION

1.22. "Insurers" means, collectively, the primary and excess insurers under director and officer liability policies under which the Officer and Director Defendants were covered, for the period March 15, 2016, through February 7, 2020.

1.23. " Lead Plaintiffs" or "Plaintiffs" means Amrit Kumar and Tony Tep.

1.24. "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Securities Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as **Exhibits A-1, A-3, and A-4,** on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.25. "Officer and Director Defendants" means Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust, individually and collectively.

1.26. "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.27. "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28. "Plan of Allocation" means a plan or formula for allocating the Settlement

EXECUTION VERSION

Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Settlement Agreement, and the Released Parties shall have no responsibility or liability with respect thereto.

   1.29. "Plaintiffs' Counsel" means Co-Lead Counsel and Additional Plaintiffs' Counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of Plaintiffs and the Settlement Class in the Action.

   1.30. "Plaintiffs' Related Parties" means the respective heirs, executors, administrators, predecessors, successors, assigns, and assignees, in their capacities as such, of Plaintiffs.

   1.31. "Plaintiffs' Releasees" means Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, and assignees.

   1.32. "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as **Exhibit A**.

   1.33. "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as **Exhibit A-2**.

   1.34. "Released Claims" means and includes any and all Released Plaintiffs' Claims and Released Defendants' Claim, as defined herein.

   1.35. "Released Defendants' Claims" means and includes any and all Claims, whether known Claims or Unknown Claims (as defined herein), whether arising under federal, state, common or foreign law, that could have been asserted in the Action, the Bankruptcy Case or

EXECUTION VERSION

in any other forum, or could in the future be asserted in any forum, that arise out of, are based upon, or relate in any way to (a) the Action or any of the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Amended Complaint or any prior complaint filed in the Action in connection with the purchase, acquisition, sale, disposition, or holding of SAExploration Common Stock, or (b) any of Plaintiffs' and/or their attorneys' prosecution, litigation, or settlement of the Action and/or claims alleged therein against Plaintiffs' Releasees. Notwithstanding the foregoing, "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of this Settlement Agreement or any orders or judgments issued by the Court in connection with this Settlement, (ii) any claims of any of the Defendants against any of the other Defendants, or (iii) any claims of SAExploration's bankruptcy estate or trustee.

1.36. "Released Plaintiffs' Claims" means and includes any and all Claims, whether known Claims or Unknown Claims (as defined herein), whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in the Amended Complaint, or any prior complaint filed in the Action; (ii) asserted by Plaintiffs in the Bankruptcy Case; or (iii) could have asserted in the Action, the Bankruptcy Case or in any other forum, or could in the future assert in any forum that arise out of, are based upon, or relate in any way to (a) the purchase, acquisition, sale, disposition, or holding of SAExploration Common Stock or any of the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Amended Complaint or any prior complaint filed in the Action , or (b) any of Defendants' and/or their attorneys' defense, litigation, or settlement of the Action and/or claims alleged therein against Defendants' Releasees. Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include (i) any claims

-11-

EXECUTION VERSION

relating to the enforcement of this Settlement Agreement or any orders or judgments or arbitration award arising therefrom, (ii) any claims of any Opt-Out who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, (iii) any claims of any of the Plaintiffs or other members of the Settlement Class against any of the other Plaintiffs or members of the Settlement Class, or (iv) any derivative claims of Plaintiffs or any member of the Settlement Class against the Defendants.

  1.37. "Released Parties" means any and all Defendants' Releasees and Plaintiffs' Releasees.

  1.38. "Releasing Defendant Parties" means jointly and severally, individually and collectively, Defendants Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust, together with all of their current and former parent entities, subsidiaries, business units, business divisions, affiliates, entities in which they have a controlling financial interest or of which they are the primary beneficiary, officers, directors, employees, attorneys, agents, trustees, insurers, reinsurers, executors, general or limited partners or partnerships, members, managers, personal representatives, estates, administrators, and each of their immediate family members, successors, predecessors, heirs, assigns, and assignees, in their capacities as such.

  1.39. "Releasing Plaintiff Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, each of their respective present, former, and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any Releasing

EXECUTION VERSION

Plaintiff Party or in which any Releasing Plaintiff Party has a controlling interest, and each of their respective immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates, in their capacities as such.

1.40.   "Releasing Parties" means any and all Releasing Defendant Parties and Releasing Plaintiff Parties.

1.41.   "Settlement" means the settlement contemplated by this Settlement Agreement.

1.42.   "Settlement Amount" means the sum of $3,550,000 (three million five hundred fifty thousand U.S. dollars). The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.43.   "Settlement Class" means all persons and entities who purchased or acquired SAExploration Common Stock during the Settlement Class Period. Excluded from the Settlement Class are: (i) Defendants and their immediate family members; (ii)  each of the foregoing's respective subsidiaries; (iii) their past and current executive officers and directors; (iv) their legal representatives, heirs, successors, or assigns; and (v) any entity in which any of the foregoing excluded persons have or had a controlling interest. Also excluded from the Settlement Class shall be any Opt-Out who or which submits a request for exclusion that is accepted by the Court and persons who have no compensable damages.

1.44.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.45.   "Settlement Class Period" means the period from March 15, 2016, through

EXECUTION VERSION

February 7, 2020, both dates inclusive.

   **1.46.** "Settlement Fund" means all the Settlement Amount once deposited into the Escrow Account pursuant to this Settlement Agreement plus any interest or other income earned thereon.

   **1.47.** "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Settlement Agreement is fair, reasonable, and adequate, and, therefore, should receive final approval from the Court.

   **1.48.** "Settling Party" means any one of, and "Settling Parties" means all of, (i) Lead Plaintiffs; and (ii) Defendants.

   **1.49.** "Term Sheet" shall mean the Term Sheet executed by the Settling Parties and dated December 1, 2020.

   **1.50.** "Unknown Claims" means any Released Claims which any of the Settling Parties or Settlement Class Members does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or the release of the Released Claims. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each of the members of the Settlement Class shall be deemed to have waived, and by operation of the final approval and judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

EXECUTION VERSION

> ***A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.***

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it, or their counsel, knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members and Plaintiffs' Releasees shall be deemed to have, and by operation of the Final Judgment, if applicable, shall have, settled and released any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and each of the members of the Settlement Class shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2.    The Settlement Consideration

2.1.    In consideration of the full and final release, settlement, and discharge of all Released Plaintiffs' Claims against the Defendants' Releasees, the Officer and Director Defendants agree to instruct their Insurers to post the Settlement Amount to the Escrow Account within ten (10) Business Days after the later of: (a) the date of entry of the Preliminary Approval Order; or (b) Defense Counsel's receipt from Lead Counsel of the information necessary to effectuate a deposit, payment, or transfer of funds into the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, contact information for the individual who will receive and confirm payment (including a name, address, and telephone number), and any other necessary information requested by Defendants or the Insurers. The method of payment will be at

EXECUTION VERSION

the sole discretion of the Insurers. Payment by check is expressly permitted.

2.2. Under no circumstances will Defendants or any of their Insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Settlement Agreement and the Settlement for any reason whatsoever. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administrative costs, expenses, class member representative awards, and costs of any kind associated with the resolution of the Action. For the avoidance of doubt, none of the Settlement Amount will be paid by SAExploration or directly by the Officer and Director Defendants. If the Settlement does not become Final or effective: (i) the Settling Parties shall revert to their litigation positions in the Action as of immediately prior to the execution of the Term Sheet, and (ii) the Settlement Amount shall be returned to the payors in the amount of their respective contributions.

3. **Handling and Disbursement of Funds by the Escrow Agent**

3.1. No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a) As provided in ¶ 3.4 below;

(b) As provided in ¶ 8.2 below;

(c) As provided in ¶ 10.1 below, if applicable; and

(d) To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2. The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured

-16-

EXECUTION VERSION

by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the Insurers. Defendants, their counsel, their Insurers, and the other Defendants' Releasees shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

      **3.3.**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Settlement Agreement, by an order of the Court, or with the written agreement of counsel for Defendants and the Insurers.

      **3.4.**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $250,000 (two hundred fifty thousand U.S. dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $100,000.00 (one hundred thousand U.S. dollars), may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court. In the event that the Settlement is not consummated, money paid or costs actually incurred for the purpose of paying Administrating Costs, including any related fees, shall be returned or repaid to Defendants, the Insurers, or any other person or entity who or which funded the Settlement Amount.

EXECUTION VERSION

### 4.    Taxes

**4.1.**    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Plaintiffs' Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**(a)**    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their designee. Plaintiffs' Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)**    All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and

EXECUTION VERSION

all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1

(including, without limitation, expenses of tax attorneys and/or accountants and mailing and

distribution costs and expenses or penalties relating to filing (or failing to file) the returns described

in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.

Defendants, their counsel, their Insurers, and the other Defendants' Releasees shall have no

liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be

treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid

out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be

obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

Authorized Claimants any funds necessary to pay such amounts, including the establishment of

adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld

under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurers, and the

other Defendants' Releasees shall have no responsibility for, interest in, or any liability whatsoever

with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with

each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out

the provisions of this ¶ 4.1.

## 5. Preliminary Approval Order, Notice Order, and Settlement Hearing

**5.1.**     Within fifteen (15) Business Days of execution of this Settlement

Agreement, and subject to Defendants' approval, Plaintiffs' Counsel shall submit this Settlement

Agreement and its exhibits to the Court and shall apply for preliminary approval of the Settlement

set forth in this Settlement Agreement, entry of a preliminary approval order, and approval for the

mailing and dissemination of notice. The Preliminary Approval Order to be submitted to the Court

shall contain the exhibits substantially in the form set for in: (i) the Long Notice (Exhibit A-1); (ii)

-19-

EXECUTION VERSION

the Proof of Claim (Exhibit A-2); (iii) the Summary Notice (Exhibit A-3); and (iv) the Postcard

Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the

provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the

Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the

Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before

they are disseminated or otherwise provided to Settlement Class Members. Defendants shall take

no position on, or have any responsibility for, Plaintiffs' Counsel's proposed Plan of Allocation.

Defendants shall have no right to discovery with respect to the Plan of Allocation.

       **5.2.**    At the time of the submission described in ¶ 5.1 hereof, the Settling Parties,

through their counsel, shall jointly request that, after the Notice is provided, the Court hold the

Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order

and judgment substantially in the form of **Exhibit B** hereto, as promptly after the Settlement

Hearing as possible.

       **6.**      **Releases and Covenants Not to Sue**

       **6.1.**    Upon the Effective Date, the Releasing Plaintiff Parties, on behalf of

themselves, their successors and assigns, and any other Person claiming (now or in the future)

through or on behalf of them, regardless of whether any such Releasing Plaintiff Party ever seeks

or obtains by any means, including without limitation by submitting a Proof of Claim, any

disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final

Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled,

resolved, waived, and discharged all Released Plaintiffs' Claims against the Defendants' Releasees

and shall have covenanted not to sue the Defendants' Releasees with respect to all such Released

Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing,

EXECUTION VERSION

prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Defendants' Releasees. Nothing contained herein shall, however, bar the Releasing Plaintiff Parties from bringing any action or claim to enforce the terms of this Settlement Agreement or the Final Judgment.

6.2.    Upon the Effective Date, Releasing Defendant Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Plaintiffs' Releasees, and shall be permanently enjoined from prosecuting the Released Defendants' Claims against the Plaintiffs' Releasees. Nothing contained herein shall, however, bar the Defendants or Defendants' Releasees from bringing any action or claim to enforce the terms of this Settlement Agreement or the Final Judgment.

7.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(b)    To pay Administrative Costs;

(c)    To pay Plaintiffs' Counsel attorneys' fees with interest and expenses as well as to pay an Award to Plaintiffs for reimbursement of their time and expenses (the "Fee

EXECUTION VERSION

and Expense Application"), to the extent allowed by the Court, detailed in ¶ 8.1 below; and

        **(d)**     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Settlement Agreement, the Plan of Allocation, or the Court.

        **7.3.**    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

        **7.4.**    This is not a claims-made settlement, and if all conditions of the Settlement Agreement are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurers. Defendants, their counsel, their Insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, escrow fees and costs, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Agreement and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

        **7.5.**    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

EXECUTION VERSION

Authorized Claimant's claim set forth therein, is not a condition of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Settlement Agreement.

**7.6.** To assist in dissemination of notice, SAExploration will cooperate in obtaining from the Company's transfer records reasonably available information concerning the identity of Settlement Class Members, including any reasonably available names and addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Settlement Class Information"). SAExploration shall provide, or cause to be provided, to Plaintiffs' Counsel or the Claims Administrator, at no cost to Plaintiffs, within ten (10) Business Days of the date of entry of the Preliminary Approval Order, reasonably available lists of record holders of SAExploration Common Stock during the relevant period. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by the Company pursuant to this Paragraph shall be treated as confidential and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

**7.7.** If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of

EXECUTION VERSION

any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $15.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Plaintiffs' Counsel, with the approval of the Court.

8.      **Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.    Plaintiffs' Counsel may submit a Fee and Expense Application(s) for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.    Plaintiffs' Counsel's attorneys' fees, costs and expenses, as awarded by the Court (the "Fee and Expense Award"), shall be paid from the Escrow Account immediately upon award by the Court, notwithstanding any objections or appeals of the Settlement or the Fee and Expense Award. In the event the Effective Date does not occur, or the judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Settlement Agreement is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall, within ten (10) Business Days from receiving notice from Defense Counsel or from a court of appropriate jurisdiction, refund to the Escrow Account the fees and expenses previously paid to Plaintiffs' Counsel from the Escrow Account plus interest thereon at the same rate as earned by the Escrow Account in an amount consistent with such reversal or modification. Plaintiffs' Counsel agree that

-24-

EXECUTION VERSION

the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against Plaintiffs' Counsel should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

8.3.    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Settlement Agreement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Settlement Agreement.

8.4.    Any attorneys' fees and expenses requested by Plaintiffs' Counsel or awarded by the Court are separate from the Settlement, and any issues, problems, or objections to the fee and expense request or award will not affect the validity of the Settlement (including the releases contained herein). Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant or Insurer shall

EXECUTION VERSION

have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or other awards to Lead Plaintiffs beyond the obligation of the Insurers to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund. Each side shall bear its own costs and expenses, other than those fees and expenses to be paid from the Settlement Fund.

**9.      Class Certification**

**9.1.**      In the Final Judgment, the Settlement Class shall be certified solely for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Final Judgment, the Settling Parties hereby stipulate and agree to (i) the appointment of Lead Plaintiffs as the class representatives, (ii) the appointment of Co-Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.      Effective Date, Termination, Effect of Disapproval, Cancellation, or Termination**

**10.1.**      The Effective Date of this Settlement Agreement ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**      Plaintiffs have not exercised their option to terminate the Settlement pursuant to ¶ 10.3;

**(b)**      Defendants have not exercised their option to terminate the

EXECUTION VERSION

Settlement pursuant to ¶ 10.4;

      **(c)**    The Court has entered the Preliminary Approval Order attached hereto as **Exhibit A** or an order containing materially the same terms;

      **(d)**    The sum of $3,550,000 (three million five hundred fifty thousand U.S. dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1;

      **(e)**    The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment; and

      **(f)**    The Final Judgment has become Final as defined in ¶ 1.20.

      **10.2.**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Settlement Agreement.

      **10.3.**    Plaintiffs, on behalf of the Settlement Class shall have the right to terminate the Settlement and Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties if the full Settlement Amount is not deposited into the Escrow Account, as set forth in ¶ 2.1.

      **10.4.**    If prior to Final Judgment, Opt-Outs have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Opt-Outs in the aggregate purchased Common Stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), which is being executed concurrently herewith, then Defendants shall have, in their sole and absolute discretion, provided they collectively agree, the option to terminate this Settlement Agreement and Settlement in accordance with the requirements and

EXECUTION VERSION

procedures set forth in the Supplemental Agreement (hereinafter, the "Supplemental Termination Option"). The opt-out thresholds may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the opt-out thresholds as confidential. The Supplemental Agreement and all other terms of the Supplemental Agreement shall not be disclosed in any other manner (other than statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise so directs or a dispute among the Settling Parties concerning its interpretation or application arises. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or under seal.

    10.5.    In the absence of any of the events enumerated in ¶ 10.3 or ¶ 10.4, no Settling Party shall have the right to terminate the Settlement Agreement for any reason. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Settlement Agreement, may terminate this Settlement Agreement on notice to all the Settling Parties.

    10.6.    If the Settlement outlined herein is not approved by the Court, or the Settlement is terminated for any reason pursuant to the terms of this Settlement Agreement, or if the Effective Date fails to occur for any reason, both the Term Sheet and this Settlement Agreement shall be a nullity, and none of their terms shall be effective or enforceable (other than the Settling Parties' confidentiality obligations under paragraph 22 of the Term Sheet, which shall remain in

-28-

EXECUTION VERSION

effect and enforceable), and the Settlement Amount, including any accrued interest at the same net rate as is earned by the Settlement Fund, shall be returned to the persons or entities paying the same in accordance with ¶ 2.1 and/or ¶ 8.2, herein. Additionally, the Settling Parties shall revert to their litigation positions in the Action as of immediately prior to the execution of the Term Sheet and the fact and terms of the Settlement shall not be admissible in any trial or otherwise used against any Settling Party.

**10.7.** No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Settlement Agreement.

## 11. No Admission of Liability or Wrongdoing

**11.1.** The Settling Parties covenant and agree that neither this Settlement Agreement, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement or the Term Sheet, is evidence, or an admission, presumption, or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Settlement Agreement is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Settlement Agreement, nor the Supplemental Agreement, nor any of the terms and provisions of this Settlement Agreement or the Supplemental Agreement, nor any of the negotiations or

-29-

EXECUTION VERSION

proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Settlement Agreement or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

### 12.    **Miscellaneous Provisions**

**12.1.**    Plaintiffs and Defendants agree to stay the proceedings in the Action, and to stay and not to initiate any other proceeding other than those incident to the Settlement itself, pending the occurrence of the Effective Date or the termination of the Settlement. Plaintiffs and Defendants also agree to use their best efforts to prevent, stay, or seek dismissal of, or oppose entry of, any interim or final relief in favor of any Settlement Class Member in any other litigation against any of the Defendants' Releasees or Plaintiffs' Releasees which challenges the Settlement, including any transactions contemplated thereby, or otherwise involves, directly or indirectly, a Released Defendants' Claim or Released Plaintiffs' Claim.

EXECUTION VERSION

**12.2.** Except in the event of termination pursuant to ¶¶ 10.3 or 10.4 of this Settlement Agreement or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement.

**12.3.** All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Agreement and the terms of any exhibit attached hereto, the terms of the Settlement Agreement shall prevail.

**12.4.** The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.5.** Each of the attorneys executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**12.6.** Plaintiffs and Plaintiffs' Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Settlement Agreement, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

**12.7.** This Settlement Agreement, together with the Supplemental Agreement and paragraph 22 of the Term Sheet, constitutes the entire agreement between the Settling Parties

EXECUTION VERSION

related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Settling Party concerning this Settlement Agreement, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental Agreement and paragraph 22 of the Term Sheet. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Settlement Agreement. In entering this Settlement Agreement, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs. The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Robert A. Meyer, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

      **12.8.**    By executing this Settlement Agreement and as a condition precedent to any obligations or liabilities of the Settling Parties created hereunder, the Settling Parties expressly acknowledge, represent, and warrant that they (i) are not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Settlement Agreement; (ii) have made their own investigation of the facts and are relying solely upon their own knowledge and the advice of their own legal counsel; (iii) knowingly waive any claim that this Settlement Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts, known or

EXECUTION VERSION

unknown; (iv) are the lawful owner of the claims and the potential claims released in this Settlement Agreement; (v) they have full capacity and authority to settle, compromise, and release the respective Released Claims and to enter into this Settlement Agreement; (vi) no other person or entity has inherited, acquired, or has been assigned, or will in the future inherit, acquire, or have any right to assert, against any of the Settling Parties any portion of the claims or potential claims released in this Settlement Agreement; and (vii) they know of no other person or entity that intends to assert a claim by, through, under, or on behalf of them. The Settling Parties stipulate that each Settling Party is relying upon these representations and warranties in entering into this Settlement Agreement. These representations and warranties shall survive the execution of this Settlement Agreement.

**12.9.**   NO REPRESENTATIONS, AGREEMENTS, UNDERSTANDINGS, OR INDUCEMENTS (WHETHER WRITTEN, UNWRITTEN, VERBAL, OR OTHERWISE) SHALL AFFECT THE CONSTRUCTION OR ENFORCEMENT OF THIS SETTLEMENT AGREEMENT, EXCEPT AS SET FORTH EXPRESSLY AND SPECIFICALLY IN THIS SETTLEMENT AGREEMENT, IT BEING STIPULATED THAT, WITH RESPECT TO THE SUBJECT MATTER OF THIS SETTLEMENT AGREEMENT (INCLUDING ALL CLAIMS RELEASED HEREIN), THE RIGHTS OF THE PARTIES HERETO AGAINST ANY OPPOSING PARTY HERETO SHALL BE GOVERNED EXCLUSIVELY BY THIS SETTLEMENT AGREEMENT.

**12.10.**  This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**12.11.**  This Settlement Agreement shall be binding upon, and shall inure to the

EXECUTION VERSION

benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.12.** The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third-party beneficiaries of this Settlement Agreement and Settlement.

**12.13.** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.14.** This Settlement Agreement may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Settlement Agreement as if all signatories hereto had executed the same document. Copies of this Settlement Agreement executed in counterpart shall constitute one agreement.

**12.15.** The Settling Parties agree that any and all disputes, claims, or controversies arising out of, relating to, or in connection with the mediation between the Settling Parties, the settlement negotiations, or the negotiation, execution, or performance of the Settlement Agreement (collectively, the "Disputes") shall be submitted for non-binding mediation before Mr. Robert A. Meyer or a mutually agreeable neutral at JAMS in Dallas, Texas. The Settling Parties will be responsible for paying their own costs and attorney's fees for such Disputes.

**12.16.** This Settlement Agreement, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way to this Settlement Agreement, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of Texas without regard to conflict of laws principles, except to the extent that federal law requires that federal law govern.

**12.17.** The Court shall retain jurisdiction with respect to the implementation and

EXECUTION VERSION

enforcement of the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the tribunals of the State of Texas and this Court, expressly waiving any venue to which they may be entitled by their present or future domiciles, for purposes of implementing and enforcing the Settlement embodied in this Settlement Agreement. The Settling Parties further submit themselves to the exclusive jurisdiction of such courts with respect to the enforcement of any award thereunder.

**12.18.**  The Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

**12.19.**  Plaintiffs, Plaintiffs' Counsel, Defendants, Defense Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

**12.20.**  Whether or not the Settlement Agreement is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Settlement Agreement confidential.

EXECUTION VERSION

**12.21.**  All agreements by, between, or among the Settling Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Settlement Agreement and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.22.**  The Parties agree that this Settlement Agreement should be construed to the greatest extent possible to be valid and that, if any portion of this Settlement Agreement is found to be invalid, the remainder of this Settlement Agreement should remain valid and be enforced to the greatest extent possible.

**12.23.**  The Settling Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with this Action, the Settlement, the Settlement Agreement, or the Supplemental Agreement. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Exchange Act, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**12.24.**  Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Settlement Agreement shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by the other Settling Parties to this Settlement Agreement.

**12.25.**  The waiver, express or implied, by any Settling Party of any breach or

EXECUTION VERSION

default by any other Settling Party in the performance of such Settling Party of its obligations under the Settlement Agreement shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Settlement Agreement.

**12.26.**  Pursuant to the Class Action Fairness Act ("CAFA"), the Defendants shall be responsible for providing timely service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion of such service. Defendants shall determine the form of the CAFA notice, subject to Plaintiffs' approval. Defendants shall be responsible for paying the costs of providing CAFA notice.

**12.27.**  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**12.28.**  The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Settlement Agreement by their undersigned counsel effective as of the date set forth below.

Dated: January 15, 2021

EXECUTION VERSION

Respectfully submitted,

**STECKLER WAYNE COCHRAN PLLC**

*Stuart Cochran*
_____
Stuart L. Cochran
Texas Bar No. 24027936
Braden M. Wayne
Texas Bar No. 24075247
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: stuart@swclaw.com
          braden@swclaw.com

*Co-Liaison Counsel for the Class*

EXECUTION VERSION

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Brent J. LaPointe, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: blapointe@rosenlegal.com

*Co-Lead Counsel for the Class*

EXECUTION VERSION

**HILLIARD MARTINEZ GONZALES LLP**

*Marion Reilly*
_____
Marion M. Reilly
John B. Martinez
719 South Shoreline, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015
marion@hmglawfirm.com
john@hmglawfirm.com

*Co-Liaison Counsel for the Class*

EXECUTION VERSION

HAGENS BERMAN SOBOL SHAPIRO LLP

Reed R. Kathrein  <small>Digitally signed by Reed R. Kathrein<br>Date: 2021.01.20 10:52:59 -08'00'</small>

Reed R. Kathrein
Danielle Smith
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Co-Lead Counsel for the Class*

EXECUTION VERSION

SIDLEY AUSTIN LLP

_____

Yvette Ostolaza
Texas Bar No. 00784703
Fed. Bar No. 15819
yvette.ostolaza@sidley.com
Yolanda C. Garcia
Texas Bar No. 24012457
Fed. Bar No. 1013902
ygarcia@sidley.com
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Tel: (214) 981-3300
Fax: (214) 981-3400

*Attorneys for L. Melvin Cooper*

EXECUTION VERSION

VINSON & ELKINS LLP

Jeffrey S. Johnston
Texas Bar No. 24002368
Fed. Bar No. 22089
James L. Leader, Jr.
1001 Fannin Street
Suite 2500
Houston, Texas 77002
(713) 758-2222
jjohnston@velaw.com
jleader@velaw.com

*Attorneys for Defendant Jeff Hastings*

EXECUTION VERSION

**McKOOL SMITH, P.C.**

_[signature: Michael Fritz]_

_____

Robert Manley
Texas Bar No. 787955
Fed. Bar No. 18833
Michael P. Fritz
Texas Bar No. 24036599
Fed. Bar No. 753366
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
(214) 978-4044
rmaney@mckoolsmith.com
mfritz@mckoolsmith.com

_Attorneys for Defendants Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust_

Samy Khalil
Ashley Kaper
GERGER KHALIL HENNESSY & MCFARLANE
LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
(713) 224-4400
(713) 224-5153
skhalil@gkfirm.com
akaper@gkfirm.com

*Attorneys for Defendant Brent Whiteley*

EXECUTION VERSION

John D. Kinchen
HUGHES ARRELL KINCHEN LLP
1221 McKinney, Suite 3150
Houston, Texas 77010
(713) 942-2255
(713) 942-2266
jkinchen@hakllp.com

*Attorney for Defendant Brian A. Beatty*