**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN BODIN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 4:19-cv-03089 |
| v. | |
| SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, BRENT WHITELEY, L. MELVIN COOPER, GARY DALTON, DAVID D. SGRO, GREGORY R. MONAHAN, AND MICHAEL FAUST, | CLASS ACTION |
| Defendants. | |

**JOINT DECLARATION OF REED R. KATHREIN AND PHILIP KIM IN SUPPORT OF
(1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE PROPOSED CLASS
ACTION SETTLEMENT, PLAN OF ALLOCATION, AND CLASS CERTIFICATION;
AND
(2) PLAINTIFFS' COUNSELS' MOTION FOR AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OFEXPENSES, AND AWARD TO PLAINTIFFS**

1.      Reed R. Kathrein and Philip Kim hereby declare:

2.      We are court-appointed Co-Lead Counsel ("Lead Counsel") for Plaintiffs Amrit Kumar and Tony Tep ("Lead Plaintiffs" or "Plaintiffs"), in the above-referenced Action. We have personal knowledge of the facts set out below and are competent to testify with respect thereto.

3.      We submit this Declaration in support of Lead Plaintiffs' motions for: (1) Final Approval of Proposed Class Action Settlement, Plan of Allocation, and Class Certification; and (2) Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (collectively, the "Motions"). The Motions are filed concurrently herewith.

4.      The purpose of this Declaration is to set forth to the Court facts that do not otherwise appear in documents filed in this case or other public sources. A complete description of the nature

- 1 -

of the claims asserted and the procedural history of the Action, and the reasons why the settlement, plan of allocation, and fee and expense requests should be approved are set out in the memoranda of law in support of the Motions.

5.     Through the Settlement, Defendants will pay $3,550,000 in cash in exchange for the release of all claims Lead Plaintiffs asserted against SAExploration Holdings, Inc. ("SAEX" or the "Company"), Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R. Monahan, and Michael Faust (collectively, "Defendants" and with Plaintiffs, the "Settling Parties") and completely resolves this Action.

6.     The Settlement results from extensive arm's-length settlement negotiations among experienced counsel. Through a formal mediation session, counsel for the Settling Parties vigorously debated the strengths and weaknesses of the claims and defenses in this Action. Lead Counsel's ability to reach a compromise in light of the many complex issues presented in this litigation evidences the quality of their representation.

## I.     RISKS AND COSTS OF LITIGATION

7.     Lead Counsel foresee protracted investigation and litigation. While Lead Plaintiffs believe they can prevail in this Action, there are material challenges including resolution of Lead Plaintiffs' Motion to Modify Order Staying Case (*see* ECF No. 73) (discussing SAEX's bankruptcy stay and the parties subsequent efforts to lift the stay as it relates to the Individual Defendants), extensive discovery, the motion to dismiss stage, class certification, summary judgment, and trial. Should Lead Plaintiffs' claims survive Defendants' summary judgment motions, it would take several weeks to try the claims. Lead Counsel believes the trial would be complex and expensive as both sides would likely have numerous experts opining on damages and class issues---this does not include the extensive *Daubert* motion practice that would precede such testimony.

8.     Litigating this case through trial require an extraordinary commitment of time, money, and resources by Lead Counsel, and the likelihood of an appeal will force Class Members to wait even longer to see a recovery (if any). Lead Counsel believes this lengthy delay reduces the present value of a hypothetical victory when compared to the certainty of an immediate settlement.

## II.    PROCEDURAL HISTORY

9.     This is a federal securities class action alleging that Defendant SAExploration Holdings, Inc. ("SAEX") and certain of its senior executives (collectively, "Defendants") committed securities fraud and violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The Amended Class Action Complaint for Violation of the Federal Securities Law (the "Amended Complaint" or "Compl.") (ECF No. 55) alleges claims on behalf of all persons who purchased or otherwise acquired SAEX shares from March 15, 2016, through February 7, 2020 (the "Class Period").

10.     This action was filed on August 18, 2019 (ECF No. 1). Amrit Kumar and Tony Tep timely moved for appointment under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* ECF Nos. 18-23. The Court duly appointed them Co-Lead Plaintiffs and approved their selection of Hagens Berman Sobol Shapiro LLP and The Rosen Law Firm, P.A. as Lead Counsel ("Lead Counsel"). ECF No. 42.

11.     On July 15, 2020, Lead Plaintiffs filed the Amended Complaint. ECF No. 55. On September 2, 2020, the Court stayed this action pending resolution of SAEX's bankruptcy petition for relief under Chapter 11 of the United States Bankruptcy Code; all pending motions became moot during the bankruptcy stay. *See* ECF No. 69. On September 22, 2020, Lead Plaintiffs filed their Motion to Modify Order Staying Case, requesting that the Stay Order be lifted as to Defendants Jeff Hastings, Brian Beatty, Brent Whiteley, L. Melvin Cooper, Gary Dalton, David D. Sgro, Gregory R.

Monahan, and Michael Faust. ECF Nos. 73 and 74. The parties subsequently entered into several stipulations to extend the briefing schedule for Lead Plaintiffs' Motion to Modify Order Staying Case, and the motion remained pending. *See* ECF Nos. 76, 77, 82, 83, 84, 85, 86.

12.    On October 21, 2020, the parties attended a full-day meditation with Mr. Robert Meyer, Esq. of JAMS, a highly experienced, neutral mediator. The parties exchanged mediation statements, and the parties debated the strengths and weaknesses of the claims and defenses in this action. The parties reached a settlement in principle during the mediation.

13.    On December 1, 2020, the parties executed a settlement term sheet to resolve this action. Under the settlement term sheet, the parties agreed to cease all litigation activities except those related to the negotiation of the final settlement and preparation for seeking preliminary approval of the settlement. Lead Plaintiffs moved for preliminary approval (*see* ECF Nos. 90-92) and the Court granted Lead Plaintiffs' motion on March 15, 202 (ECF No. 95), thereby triggering the process of notifying Settlement Class Members to solicit claims, request exclusions, or object to the settlement.

### III.    FACTS

14.    SAEX is a Delaware corporation headquartered in Houston, Texas,[1] that provides seismic data acquisition services; logistical support services; and processing and integrated reservoir geosciences services. The company serves integrated oil companies, national oil companies, and independent oil and natural gas exploration and production companies.

15.    The Amended Complaint alleges that during the Class Period, Defendants misrepresented the accuracy of SAEX's financial reporting. Specifically, the Amended Complaint alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (1)

---

[1] The company's stock trades on the NASDAQ under the ticker symbol "SAEX."

SAEX misclassified Alaska Seismic Ventures, LLC ("ASV"), a related company, as a variable interest entity; (2) SAEX had a controlling financial interest in ASV, which required SAEX to consolidate ASV in its financial statements; (3) SAEX had deficient internal controls over financial reporting; (4) these practices were likely to lead to an investigation of SAEX by the Securities and Exchange Commission ("SEC"); (5) SAEX would be forced to delay the filing of its quarterly report for the quarter ended June 30, 2019; and (6) as a result, Defendants' statements about SAEX's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *See generally* ECF No. 55.

16.     On August 15, 2019, the market learned the truth when SAEX publicly  announced in a press release that (1) the SEC was investigating certain of its accounting matters that arose in 2015-2016; (2) SAEX would restate its previously issued financial statements for fiscal years 2015-2018 and delay filing its 10-Q for the quarter ended June 30, 2019; and (3) Defendant Hastings had been placed on administrative leave and resigned as Chairman; and (4) Defendant Whiteley had been terminated. Because of these disclosures, the price of SAEX's common shares declined $1.13 per share or over 34% on August 16, 2019, thereby damaging investors. *See generally* ECF No. 55.

17.     Defendants dispute Lead Plaintiffs' allegations. In light of the risks and expenses of continued litigation, settlement of the action now provides class members with a certain cash recovery.

## IV.     NEGOTIATIONS AND MEDIATION

18.     The Settling Parties participated in lengthy discussions about the relative merits of the case, obstacles to recovery, and potential liability. Lead Counsel and Defendants' Counsel zealously represented the positions of their respective parties throughout.

19.     The Settling Parties held a full-day mediation before Robert Meyer, a respected mediator.

20.     The mediation took place on October 21, 2020. Before this mediation, the Settling Parties exchanged detailed mediation statements, discussing all relevant stages of the litigation, and issues of contention, including issues related to experts.

## V.     SETTLEMENT

21.     Lead Plaintiffs' damages expert performed a damages study and calculated class-wide damages based upon the material misrepresentations alleged in the Complaint, estimated damages of $15.58 million. The Settlement provides the Class with $3,550,000 in cash. Thus, the Settlement returns approximately 22.78% of maximum possible damages.

22.     Given the previously-discussed risks and costs of pursuing additional litigation, including the very real risk of a smaller or even no recovery following years of additional litigation, the serious and unresolved disputes between the Parties concerning the merits of Plaintiffs' claims, and based upon my analysis of the facts adduced to date and our years of past experience litigating complex securities class actions, we believe that the benefits of the Settlement outweigh the potential costs, and that the Settlement is therefore is in the best interest of the Settlement Class.

23.     The favorable reaction of the Settlement Class provides further evidence of the fairness of the Settlement. To date, the Claims Administrator and Co- Lead Counsel have received only one (1) putative request for exclusion, and no objections to the Settlement have been received or filed with the Court.

## VI.     THE PLAN OF ALLOCATION SHOULD BE APPROVED AS IT IS FAIR AND REASONABLE

24.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic loss because of Defendants' alleged fraud as opposed to losses caused by market or industry factors not related to the alleged fraud.

25.     The Plan of Allocation was formulated by Lead Counsel, in consultation with a well-respected and experienced financial consultant and was designed to ensure that the distribution of the settlement fund was fair, and consistent with Lead Plaintiffs' theory of the case, which asserted that there were declines in the price of SAEX's stock reflecting disclosures of the truth relating to the alleged misconduct; and to ensure that the allocation comported with the federal securities laws, including principles of loss causation and negative causation.

26.     Lead Counsel and their financial consultant determined this was the fairest method of allocation of the Net Settlement Fund.

27.     Lead Counsel believe that the Plan of Allocation provides a fair and reasonable method to equitably allocate the Net Settlement Fund among Class Members who suffered losses as result of the conduct alleged in the Amended Complaint. The proposed Plan of Allocation reflects an assessment of the damages that Plaintiffs contend could have been recovered under the theories of liability asserted in the Action.

28.     The Plan of Allocation is set forth at ¶8 of the Long Notice, attached as **Exhibit C** to Bravata Declaration.

### VII.     LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

29.     Co-Lead Counsel Hagens Berman, Sobol Shapiro LLP and The Rosen Law Firm, P.A., both nationally-recognized law firm in securities litigation and class actions, have invested significant resources and brought substantial experience to bear in litigating this action on behalf of, and for the benefit of, the Settlement Class. Lead Counsel each have many years of experience in complex federal civil litigation, particularly the litigation of shareholder, securities, and other class actions. See Exhibits 8 and 9, attached hereto (Firm Resumes of Hagens Berman Sobol Shapiro LLP and The Rosen Law Firm, P.A.).

30.     As set forth in the time reports in the Declaration of Reed R. Kathrein on Behalf of Hagens Berman Sobol Shapiro Concerning Attorneys' Fees and Expenses ("Kathrein Fee Dec.") and the Declaration of Philip Kim on Behalf of the Rosen Law Firm, P.A. Concerning Attorneys' Fees and Expenses ("Kim Decl."), true and correct copies of which are attached hereto as Exhibits 2 and 3, Hagens Berman Sobol Shapiro LLP has committed 501.7 hours and The Rosen Law Firm, P.A. has committed 742 hours to litigating this Action from the initial investigation to its resolution.

31.     As set forth in the time reports in the Declaration of Stuart Cochran on Behalf of Steckler Wayne Cochran Cherry LLP Concerning Attorneys' Fees and Expenses ("Cochran Fee Dec.") and the Declaration of Marion M. Reilly on Behalf of Hilliard Martinez Gonzales LLP Concerning Attorneys' Fees and Expenses ("Reilly Decl."), true and correct copies of which are attached hereto as Exhibits 4 and 5, Co-Liaison Counsel have spent 35.43 hours and 66 hours, respectively, supporting the litigation of this action.

32.     To litigate this action, Lead Counsel: (1) conducted a detailed investigation of potential claims against Defendants that resulted in the filing of Plaintiffs' initial complaint, including reviewing SAEX's U.S. SEC filings and numerous news articles and analyst reports concerning SAEX's business and financial condition; (2) moved, pursuant to the PSLRA, for appointment as Co-Lead Plaintiffs and Lead Counsel; (3) overseeing investigative interviews of witnesses, including several former employees, identifying certain witnesses and developing leads; (4) deliberated with a damages expert to identify corrective disclosure dates and damages scenarios; (5) drafted and filed a detailed 99-page Amended Complaint (*see* ECF No. 55); (6) drafted a detailed mediation brief; (7) attended a full-day mediation and memorialized the substantive settlement terms in a settlement term sheet; (8) drafted and negotiated the Stipulation and Agreement of Settlement and exhibits thereto, and filed them alongside Plaintiffs' motion for preliminary approval of the

Settlement; (9) supervised the program to provide notice to the Settlement Class, and (10) drafted motion papers and supporting documents in support of final approval of the settlement.

33.     Based on the hours expended by Lead Counsel and the current billing rates for Lead Counsel's professionals, the total lodestar is $921,392.25.

34.     The following table provides a summary of the lodestar analysis:

| Firm | Hours | Lodestar |
|---|---|---|
| Hagens Berman Sobol Shapiro LLP | 501.7 | $305,025.00 |
| The Rosen Law Firm, P.A. | 742 | $546,381.00 |
| Hilliard Martinez Gonzales LLP | 66 | $51,300 |
| Steckler Wayne Cochran Cherry PLLC | 35.45 | $18,686.25 |
| **Total** | **1345.15** | **$921,392.25** |
| Requested Fee | $1,183,332.00 | |
| **Multiplier** | **1.28** | |

35.     The following table provides a summary of Lead Counsel's unreimbursed expenses:

| Category of Expenses | Amount |
|---|---|
| Court Fees/Filing Fees | $400.00 |
| Copying/Printing | $4.25 |
| Experts | $11,002.12 |
| Mediation Fees | $10,930.43 |
| Investigators | $12,031.00 |
| Legal Research/ECF/PACER | $954.96 |
| Overnight/Hand Delivery/FedEx and Postage Fees | $52.80 |
| Service of Process | $730.00 |
| Pro Hac Vice/Certificates of Good Standing | $44.00 |
| Telephone/Fax | $0.00 |
| Transcripts/Court Reporters/Translations | $26.40 |
| Travel/Transportation/Hotels/Meals | $47.88 |

| Category of Expenses | Amount |
|---|---|
| Miscellaneous (Press Releases and Notice to Class Members) | $3,695.84 |
| **TOTAL EXPENSES:** | **$39,939.68** |

36.    These litigation expenses are well-documented, based on the books and records maintained by Lead Counsel, and reflect the costs of prosecuting this Action.

## VIII.   NOMINAL INCENTIVE AWARD TO CO-LEAD PLAINTIFFS

37.    Co-Lead Plaintiffs have provided a substantial and necessary service to the Settlement Class by bringing the Action and supervising Lead Counsel's prosecution of the Action and subsequent settlement.  Like the requested fee and expenses, the Notice advised Class Members that Lead Plaintiff would seek an award of up to $10,000 in total. No objection has been submitted relating to this award.

38.     Co-Lead Plaintiffs seek an award in the amount of $5,000 each, or $10,000 in in total, for his lost time and effort in the prosecution and oversight of this action pursuant to the PSLRA. As demonstrated in the Declarations of Amrit Kumar and Tony Tep, attached hereto as Exhibits 6-7, Co-Lead Plaintiffs were actively involved in this litigation, reviewed the various complaints, participated in the settlement negotiations, discussed case strategy with Lead Counsel, and engaged in numerous communications with counsel. Co-Lead Plaintiffs' efforts in this case were important and led to the successful resolution of this matter.

39.    Given these important contributions and the time and effort expended by Co-Lead Plaintiff, a nominal award of $5,000 each, or $10,000 in total, is warranted.

40.    Accordingly, Lead Counsel respectfully request that the Court grant the requested awards.  *See Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2019 WL 4193376, at *6 (S.D. Ind. Sept. 4, 2019) ("Without [Plaintiffs'] commitment to pursuing these claims, the successful recovery for the Class would not have been possible.").

## IX.    EXHIBITS

41.    Attached to this Declaration are true and correct copies of the following documents:

Exhibit 1:    Declaration of Josephine Bravata Concerning (a) Mailing of Postcard Notice, (b) the Publication of Summary Notice, and (c) Report on Requests for Exclusion and Objections, and Exhibits A-E thereto;

Exhibit 2:    Declaration of Philip Kim on Behalf of the Rosen Law Firm, P.A. Concerning Attorneys' Fees and Expenses;

Exhibit 2-A:    The Rosen Law Firm, P.A. Firm Resume;

Exhibit 3:    Declaration of Reed R. Kathrein on Behalf of the Hagens Berman Sobol Shapiro LLP Concerning Attorneys' Fees and Expenses;

Exhibit 3-A:    Hagens Berman Sobol Shapiro LLP Firm Resume

Exhibit 4:    Declaration of Marion A. Reilly on behalf of Hilliard Martinez Gonzales LLP Concerning Attorneys' Fees and Expenses.

Exhibit 4-A:    Hilliard Martinez Gonzales LLP Firm Resume

Exhibit 5:    Declaration of Stuart Cochran on behalf of Steckler Wayne Cochran Cherry PLLC Concerning Attorneys' Fees and Expenses.

Exhibit 5-A:    Steckler Wayne Cochran Cherry PLLC Firm Resume

Exhibit 6:    Declaration of Amrit Kumar

Exhibit 7:    Declaration of Tony Tep

We declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2021

/s/ Reed R. Kathrein
Reed R. Kathrein

Executed on June 1, 2021

/s/ Philip Kim
Philip Kim

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran