**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AMRIT KUMAR and TONY TEP, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, BRENT WHITELEY, L. MELVIN COOPER, GARY DALTON, DAVID D. SGRO, GREGORY R. MONAHAN, and MICHAEL FAUST, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No. 4:19-cv-03089 |

**REPLY IN FURTHER SUPPORT OF MOTIONS FOR (I) MOTION FOR FINAL
APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT, PLAN OF
ALLOCATION, AND CLASS CERTIFICATION; AND (II) MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND
<u>COMPENSATORY AWARD TO LEAD PLAINTIFFS</u>**

Lead Plaintiffs Amrit Kumar and Tony Tep ("Lead Plaintiffs") respectfully submit this

reply in further support of Motion for Final Approval of the Proposed Class Action Settlement,

Plan of Allocation, and Class Certification (the "Final Approval Motion") (Dkt. Nos. 96-97) and

Lead Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and

Compensatory Award to Lead Plaintiffs (the "Fee Motion") (Dkt. Nos. 98-99) (together, the

"Motions").

## I.      Preliminary Statement

Over 69,490 copies of the Postcard Notice and Notice Packet have been mailed or emailed

to potential class members—which include sophisticated institutional and professional investors.

1

*See* ("Supplemental Bravata Decl.") ¶¶ 3-4.[1] The Summary Notice was published in Investor's Business Daily and on-line through Globe Newswire. Bravata Decl. ¶ 9.[2]

Exclusions: In response to this extensive notice program, no valid requests for exclusion have been received. Supplemental Bravata Decl. ¶ 8. The deadline to seek exclusion was June 24, 2021. *Id*. One invalid request for exclusion was received from Neal Long. *Id*. Mr. Long's request for exclusion neither identified nor documented any purchases, acquisitions, or sales of SAExploration Securities during the Class Period. *Id*. The Claims Administrator subsequently followed up with Mr. Long seeking the required information. *Id*. Mr. Long has, to date, failed to respond. *Id*.; *see also* Exhibit E to Bravata Decl. This invalid exclusion request did not give any apparent reason for a desire to opt-out and did not appear to oppose the Settlement. *Id*.

Objections: There have been no objections to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Supplemental Bravata Decl. ¶ 8; *see also* Dkt No. 101 (Lead Plaintiffs' notice of non-opposition). The deadline by which objections must have been received was June 24, 2021. Supplemental Bravata Decl. ¶ 9; *see also* Dkt No. 101.

## II.     The Reaction of the Class Overwhelmingly Supports Final Approval of the Settlement and Requested Fees and Expenses

In summary, 43,691 Postcard Notices were mailed to potential Class Members. Supplemental Bravata Decl. ¶ 3. Nominee Account Holders e-mailed the Notice Packet to 25,799 potential Class Members. *Id.* ¶ 4. No valid requests for exclusion were received and there have

---

[1] Citations to Supplemental Bravata Decl. ¶ __ are to the Declaration Of Josephine Bravata Concerning: (1) Mailing of Postcard Notice and (B) Report of Requests for Exclusion and Objections, attached hereto as Exhibit 1.

[2] Citations to Bravata Decl. ¶ __ are to the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report of Requests for Exclusion and Objections (Dkt. No. 100-1).

been no objections. *Id*. ¶¶ 8-9. To date, 1,715 unique claims have been received from potential Class Members. *Id.* ¶10.

Given these facts, the reaction of the Settlement Class supports final approval and the requested fees and expenses. *See Maher v. Zapata Corp.*, 714 F.2d 436, 456 (5th Cir. 1983) (holding that the "minimal nature of shareholder objection" favors approval of settlement); *Quintanilla v. A & R Demolition Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (quoting *Wal–Mart Stores, Inc. v. VISA U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir.2005); *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999) (approving settlement where "fewer than 4 percent of the class members objected to the settlement"); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (Twenty-nine objections out of 281 class members "strongly favors settlement").

## III. The Excellent Recovery For the Class Supports Final Approval of the Settlement and Requested Fees and Expenses

The Settlement of $3,550,000 is an excellent result, as recovery for valid claims is about 22.78% of Plaintiffs' estimated class-wide damages. This is an exceptional recovery for an action in which only claims under Section 10(b) of the Exchange Act are asserted. *See* Laarni T. Bulan and Laura E. Simmons, *Securities Class Action Settlements: 2020 Review and Analysis*, at 6 ("Cornerstone Research") (noting that, from 2011 to 2019, the median settlement as a percentage of simplified tiered damages in Rule 10b-5 cases was just 4.9%)[3]; Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2019 Full-Year Review* (NERA Jan. 25, 2021) at 20 (from 2012 to 2020, the median ratio of settlements to investor losses has narrowly

---

[3] Available at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-Review-and-Analysis

3

fluctuated between 1.6% and 2.5%, and the median ratio of settlements to investor losses in 2020 was 1.7%)[4]; *City of Omaha Police & Fire Ret. Sys. v. LHC Grp.*, No. CIV. 6:12-1609, 2015 WL 965696, at *7 (W.D. La. Mar. 3, 2015) ("The typical recovery in most class actions generally is three-to-six cents on the dollar.") (citation omitted); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically recovered "between 5.5% and 6.2% of the class members' estimated losses); *In re Prudential Sec., Inc.*, No. M-21-67 (MP), 1995 WL 798907 (S.D.N.Y. Nov. 20, 1995) (approving settlement of between 1.6% and 5% of claimed damages). Cornerstone Research also found that for cases with damages less than $25 million, the median settlement as a percentage of damages between 2011 and 2019 was 16.8% and for 2020 was 19.7%. Cornerstone Research at 6.

Here, the Settlement represents approximately 22.78% of Plaintiff's estimated damages. When compared with the "present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing," *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004), the Settlement is abundantly fair, reasonable and adequate.

## IV.    Conclusion

For all of the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant final approval of the Settlement and grant the motion for award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiffs.

Dated: July 8, 2021                                             Respectfully submitted,

                                                      */s/ Stuart L. Cochran*
                                                      Stuart L. Cochran
                                                      Texas Bar No. 24027936
                                                      Braden M. Wayne
                                                      Texas Bar No. 24075247

---

[4] Available at https://www.nera.com/content/dam/nera/publications/2021/PUB_2020_Full-Year_Trends_012221.pdf

4

**STECKLER WAYNE COCHRAN CHERRY, PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: stuart@swclaw.com
        braden@swclaw.com

*Co-Liaison Counsel for the Class*

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Brent J. LaPointe, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: blapointe@rosenlegal.com

*Co-Lead Counsel for the Class*

Marion M. Reilly
John B. Martinez
**HILLIARD MARTINEZ GONZALES LLP**
719 South Shoreline, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015
marion@hmglawfirm.com
john@hmglawfirm.com

*Co-Liaison Counsel for the Class*

Reed R. Kathrein
Danielle Smith
Lucas E. Gilmore
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

5

reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Co-Lead Counsel for the Class*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th of July, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran