**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| AMRIT KUMAR and TONY TEP, Individually and on Behalf of All Others Similarly Situated,<br><br> Plaintiff,<br><br> v.<br><br>SAEXPLORATION HOLDINGS, INC., JEFF HASTINGS, BRIAN BEATTY, BRENT WHITELEY, L. MELVIN COOPER, GARY DALTON, DAVID D. SGRO, GREGORY R. MONAHAN, and MICHAEL FAUST,<br><br> Defendants. | **CLASS ACTION**<br><br>Case No. 4:19-cv-03089 |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

## I.   INTRODUCTION

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation") (ECF. No. 90). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On March 15, 2021, the Court entered the Order Granting Co-Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 95). On August 12, 2021, the Court entered the Order and Final Judgment (ECF No. 103).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised - Co-Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration") at ¶¶6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Co-Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently-filed Bravata Declaration.

## II.   DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than June 24, 2021. Preliminary Approval Order ¶19(a). The Claims Administrator continued processing all claims received up to August 31, 2021. Bravata Declaration ¶6. As a result of an effective notice program, through August 31, 2021, SCS has received 1,778 Claim Forms. *Id.* SCS reviewed all 1,778 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

1

### A. Valid and Properly-Documented Claims

SCS analyzed the 1,778 Claim Forms received through August 31, 2021 and determined that 352 valid and properly-documented claims were received. Of these 352 claims, 338 were timely (*i.e.* postmarked no later than June 24, 2021) ("Timely Valid Claims") and 14 were postmarked after June 24, 2021 but received on or before August 31, 2021 ("Late Valid Claims"). Bravata Declaration ¶7(a). These valid claims represented Recognized Losses of $$906,870.94 for shares purchased during the period from March 15, 2016 through August 15, 2019, inclusive, including Recognized Losses for Timely Valid Claims of $$858,758.89 and Recognized Losses for Late Valid Claims of $$48,112.05.

Co-Lead Plaintiffs request that the Court accept all 352 valid claims, including the 338 Timely Valid Claims and the 14 Late Valid Claims. The Late Valid Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Co-Lead Plaintiffs believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the June 24, 2021 submission deadline, but while claims were still being processed. *See In re Valuevision Int'l Inc. Sec. Litig.*, No. 94-CV-2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy*

2

*Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

Accordingly, Co-Lead Plaintiffs respectfully request that the Court approve the 352 properly documented claims as listed in Exhibits B-1 and B-2 to the Bravata Declaration.

### B.  Deficient and Ineligible Claims

#### 1.  Inadequately Documented Claims

SCS initially identified 175 inadequately documented claims. Bravata Declaration ¶7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.,* Exhibit C. Of the 175 claims initially identified as deficient, 62 have been successfully cured and are now considered valid. *Id.* The remaining 113 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.,* Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*

To date, none of the 113 rejected claimants has objected to or contested SCS's determination. Bravata Declaration*,* ¶7(b). Co-Lead Plaintiffs respectfully ask the Court to accept SCS's determination and reject these 113 claims.

#### 2.     Ineligible Claims

In addition to the 113 claims discussed above in paragraph B.1, SCS has identified 1,313 claims that it recommends for complete rejection. Bravata Declaration ¶7(c), Exhibit E. i) claims with no Recognized Losses; (ii) claims for SAExploration Holdings, Inc. ("SAExploration") common stock not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (iii) claims with shares of SAExploration common stock that

3

were purchased outside of the Settlement Class Period; (iv) claims with shares sold short; (v) claims withdrawn by filing entity; (vi) duplicate claims filed; and (vii) claims filed for securities other than SAExploration common stock. *Id*. Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Exhibit F.

To date, one (1) of these ineligible claimants has contested their determination, as detailed in ¶7(c)(i) of the Bravata Declaration. Claim 1768 claimed purchases and sales of 253 shares of SAExploration common stock, but SCS determined that the entirety of the claimed shares were purchased and sold during the same inflation period under the Plan of Allocation (and therefore had no Recognized Loss). SCS further determined that 22 of those shares were actually sold for a profit. The claimant with an email contesting the determination, but the documentation the claimant provided showed that the purchases and sales were indeed executed during the same inflation period. Copies of the claim, ineligibility determination, and email contesting SCS' determination are attached as Exhibit G to the Bravata Declaration. For the reasons stated therein, Co-Lead Counsel respectfully requests that the Court uphold SCS's determination that Claim 1768 remain ineligible.

### III.   PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.3 of the Stipulation, "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Further, pursuant to the Notice of Pendency and Proposed Class Action Settlement ("Long Notice") (ECF No. 90-2), "[t]he Claims Administrator will determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's valid 'Recognized Loss.'" Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 352 claims have been accepted

as set forth in Exhibits B-1 and B-2 of the Bravata Declaration, in proportion to their Recognized Losses as shown therein.

According to the Long Notice, "If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Plaintiffs' Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $15.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is de minimis and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Plaintiffs' Counsel and approved by the Court." To the extent a balance exists after re-distribution(s), with the Court's approval, Co-Lead Plaintiffs designate Texas RioGrande Legal Aid[1] and Lone Star Legal Aid[2] each to receive half of any remaining any balance.

---

[1] https://www.trla.org/
[2] https://www.lonestarlegal.org/

## IV.    CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: June 1, 2022                          Respectfully submitted,


                                             /s/ Stuart L. Cochran
                                             Stuart L. Cochran
                                             Texas Bar No. 24027936
                                             **COCHRAN LAW PLLC**
                                             8140 Walnut Hill Lane, Suite 250
                                             Dallas, Texas 75231
                                             Telephone: (469) 333-3405
                                             Facsimile: (469) 333-3406
                                             Email: stuart@scochranlaw.com

                                             *Co-Liaison Counsel for the Class*

                                             Phillip Kim, Esq.
                                             Laurence M. Rosen, Esq.
                                             Brent J. LaPointe, Esq.
                                             **THE ROSEN LAW FIRM, P.A.**
                                             275 Madison Avenue, 40th Floor
                                             New York, New York 10016
                                             Telephone: (212) 686-1060
                                             Fax: (212) 202-3827
                                             Email: pkim@rosenlegal.com
                                             Email: lrosen@rosenlegal.com
                                             Email: blapointe@rosenlegal.com

                                             *Co-Lead Counsel for the Class*


                                             Marion M. Reilly
                                             John B. Martinez
                                             **HILLIARD MARTINEZ GONZALES LLP**
                                             719 South Shoreline, Suite 500
                                             Corpus Christi, TX 78401
                                             Telephone: (361) 882-1612
                                             Facsimile: (361) 882-3015
                                             marion@hmglawfirm.com
                                             john@hmglawfirm.com

6

*Co-Liaison Counsel for the Class*

Reed R. Kathrein
Lucas E. Gilmore
Wesley A. Wong
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Co-Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran